Ross and Hammond *v.* Watt.

*Judgment affirmed.*

16 99
e115a²461

WILLIAM N. ROSS and AARON HAMMOND, Appellants, *v.* JAMES WATT, Appellee.

APPEAL FROM SCOTT.

In construing instruments of submission to arbitration, courts always give as large a construction to them, as the words of the instrument, and the intentions of the parties drawn from their expressions, will warrant.

A mere error of judgment, as to law or fact, will not vitiate an award.

If fraud or misconduct in the arbitrators is not shown, an award will be conclusive on the parties.

THIS was a proceeding by motion in the Circuit Court of Scott County, WOODSON, Judge, presiding, at April term, 1854, for judgment on an award. The substance of the submission is recited in the opinion, as also the substance of the award. Ross and Hammond by their counsel moved the court to modify, or

correct, or set aside and vacate the said award, because it exceeded and exceeds the terms of the submission; in support of this motion, the counsel filed the affidavit of Emmons Benedict, one of the arbitrators, stating that he with his co-arbitrators met under the submission, when the co-referees of affiant (he protesting against the same as unjust and beyond the scope of submission in the premises) made an award that Ross and Hammond should pay Watts fifty dollars and half the costs of the proceeding; that the account of Ross and Hammond consisted of the following items:

| 1851, June 23d, | to | 6 smut machines, | $23 | $138,00 |
| " 26th, | " | 6 " " | 25 | 150,00 |
| Sept. 3d, | " | 6 large pullies, | | 18,00 |
| Nov. 23d, | " | 12 smut machines, | 27 | 324,00 |
| " " · | " | 6 " " | 24 | 144,00 |
| 1852, March 23d, | " | 37 1-2 lbs. castings, | 5 | 1,87 |

that it was in proof before the arbitrators, that the three first items in the account had been adjusted by the parties; that Watts was entitled to other credits, reducing the demand of Ross and Hammond, irrespective of interest on note and account, to the sum of $451,47. To meet this balance, Watts proved other items of an account amounting to $46,25; there was also proof on hearsay testimony that Watts had expended $22 at Burlington, to put smut mills in order, and proof of expenditure of $29 in other repairs and transportation of smut mills—that there had been other expenditures (detailed in the affidavit) on one or more mills, amounting to $124; that $150 had been expended by Watts and his agents in selling and seeing after the smut mills; that Watts was the owner of the patent for said smut mills, and that his patent had been damaged by the defective execution of the work on the mills of Ross and Hammond, to the amount of $700; that this latter testimony was objected to as being outside of the submission; that then the arbitrators there considered of their award, that they disagreed, but had a second meeting—that he (Benedict) could only agree to an award which would allow to Ross and Hammond $200, his co-referees not consenting, he withdrew. D. A. Smith testified, that Benedict's statement was correct, that he (Smith) drew up the sub-. mission, and that he had not then any knowledge or intimation that Watts claimed to be the owner of the patent right referred to by Benedict; that he was surprised at the introduction of the proof connected with it, and the claim for damages for injury to the reputation of the machines, and that he resisted the introduction of said evidence, acting as counsel for Ross and Hammond.

Watts introduced the affidavit of the two other referees, who stated that they understood from the submission and from the counsel of parties, that they were to determine what was due from Watts to Ross and Hammond, according to contract, if all the machines had been properly made, to ascertain what damages should be allowed to Watts by way of set-off, and to make an award for the balance which ever way it should fall, including the note; that Watts had sustained damage; that in making their award, they only had reference to damage already sustained; that had they considered prospective damage their award to Watts would have been larger; that they did not by any formal decision admit evidence of injury to the reputation of said machines as a patented machine, and that their award did not consider any prospective damages, but awarded damages only for defects in machines.

N. M. Knapp stated in substance, that the arbitrators were to take the note into consideration; that Watts claimed that the note had been given for defective machines, which were of little value, and that the submission was written with the express intent of enabling Watts to show the damage resulting to him by these defective machines, and that the consideration of the note had wholly or partially failed; that the award was fairly made in view of the evidence adduced before the arbitrators, and of the subjects submitted to them, and that the submission was altered in the presence of the arbitrators with the express design to have them adjudicate upon the note and the damages to him, that the whole matter and all questions growing out of it might be settled.

The circuit court allowed the motion of Watts for judgment on the award, and disallowed the cross motion.

Ross and Hammond took this appeal.

The submission provided that the award should be made the judgment of the court.

D. A. SMITH, for Appellants.

M. McCONNEL and N. M. KNAPP, for Appellee.

TREAT, C. J. The principal question in this case is, whether the arbitrators exceeded the terms of the submission. This depends upon the construction to be given to the instrument of submission. It is in these words; "Whereas the undersigned, William N. Ross and Aaron Hammond, as partners, have a note and open account against the undersigned, James Watt, on which the said Ross & Hammond claim that there is a balance due them, amounting to the sum of $486,05; and the said

Watt denies that so much is due, by reason of certain deductions and damages that he claims to be justly applicable to said account. Now, the said undersigned respectively agree to submit said matter in controversy, to the arbitrament and award of Jacob H. Withey, Emmons Benedict and Horace A. Brown, or a majority of them." The award was in favor of Watt for $50. It is contended that the arbitrators had no power, under the submission, to make an affirmative award in favor of Watt; in other words, that the only question for them to decide was, whether anything was due upon the note and account, and, if so, what amount. We are satisfied that this was not the understanding of the parties. Ross & Hammond held a note and account against Watt, and he had demands against them, growing out of the particular transactions in which the note and account originated. They had mutual claims arising out of the same subject matter. They referred the whole of these claims to arbitration. Their intention was, that the arbitrators should pass upon all of the claims, and thus put an end to all controversy respecting them. It was not their design that the demands of either party should be split into fragments, and one portion settled in this proceeding, and the other left unadjusted. The arbitrators were to examine the claims from certain transactions between the parties, and make an award in favor of the party really entitled to the balance. In construing instruments of submission to arbitration, courts always give as large a construction to them, as the words of the instrument and the intentions of the parties, drawn from their expressions, will warrant. Watson on Arbitrations and Awards, 15. In our opinion, the award was within the terms of the submission.

There is nothing on the face of the award to render it invalid. It pursues the terms of the submission, and is a full adjustment of the matters in difference. Nor do the proofs, when carefully considered, establish any fraud or misconduct on the part of the arbitrators. The question is not whether their decision was correct or erroneous. A mere error of judgment as to the law or facts of the case, will not vitiate the award. In the absence of all fraud and misconduct in the arbitrators, the award must be held to be conclusive on the parties. *Merritt* v. *Merritt*, 11 Illinois, 565; *McDonald* v. *Arnout*, 14 ibid. 58; *Root* v. *Renwick*, 15 ibid. 461; *Smith* v. *Douglass*, *ante*, 11. The court did not err in entering judgment on the award.

The judgment is affirmed.

*Judgment affirmed.*