PROPERTY MANAGEMENT, LTD., Plaintiff-Appellant, *v.* HOWASA, INC., *et al.*, Defendants-Appellees.

(No. 58648; ▬▬▬▬▬▬▬▬

First District (5th Division)—September 21, 1973.

David P. List and Frederic J. Artwick, both of Chicago, (Sidley & Austin and Jerome C. Eisenberg, of Clapp & Eisenberg, of Newark, New Jersey, of counsel,) for appellant.

Kirkland & Ellis, of Chicago, (Steven L. Bashwiner and Steven P. Handler, of counsel,) for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Property Management, Ltd., a Bahamian corporation, having its principal place of business in France, filed in the circuit court of Cook County a complaint in tort for interference with prospective economic advantage against Compagnie Internationale des Wagons-Lits et du Tourisme ("Wagons-Lits"), a Belgian corporation, and Wagons-Lits subsidiary Howasa, Inc. ("Howasa Chicago"), a Delaware corporation having its principal place of business in Illinois. The economic advantage defendants were alleged to have interfered with related to a lease plaintiff had entered into with another subsidiary of Wagons-Lits, Howasa, S.A. ("Howasa Spain"), a Spanish corporation which is not a party to this action, in which Howasa Spain agreed to manage a commercial hotel property in Torremolinos, Spain, known as "Playamar" and whereby plaintiff was to receive a percentage of the gross operating profit. The complaint sought an accounting, damages, and injunction enjoining defendants from interfering with plaintiff's economic advantage. Following a general appearance on behalf of Wagons-Lits, defendants filed a motion to compel arbitration of the dispute under the provisions of the lease and to stay the proceedings pending arbitration. After examining memoranda

regarding the issues, the trial court granted deefndants' motion. Plaintiff subsequently filed a motion that the court reconsider the matter and a motion to modify its previous order and allow discovery. The trial court denied plaintiff's motions and plaintiff appeals.

On appeal, plaintiff contends: (1) that plaintiff cannot compel or be compelled to arbitrate with parties not signatories to the arbitration agreement, (2) that the dispute is not covered by the terms of the arbitration clause in the lease, and (3) that plaintiff, alleging interference with contractual relationship, has an election of remedies in tort, in contract, or both and is free to proceed in different forums.

The complaint, after identifying the parties and the lease, alleged that Wagons-Lits caused its subsidiary Howasa Spain (plaintiff's lessee) to enter an exclusive sales agency agreement for the United States with a subsidiary it created, Howasa Chicago, whereby Howasa Chicago was authorized to fix room rates at Playamar which Howasa Spain would be bound to accept and Howasa Chicago would receive a 15% commission on all such business; that Howasa Chicago and Wagons-Lits both having knowledge of the terms of the plaintiff's lease with Howasa Spain, fixed the room rates at Playamar at levels which, it was known, would not produce an operating profit to Playamar and hence no rental income to plaintiff; and that had Howasa Chicago fixed the rentals of Playamar in good faith at a proper rate Playamar's profits would have exceeded $50,000 and plaintiff would have been entitled to a percentage of that profit as rent. The complaint further alleged that Howasa Chicago retained deposits for groups which did not appear and received additional funds for porterage and the like, all of which should properly have been credited by it to Howasa Spain. Plaintiff alleged that defendants' actions interfered with plaintiff's prospective economic advantage and sought injunctions against defendants, an accounting, and damages.

Wagons-Lits filed a motion questioning jurisdiction of the court, which was denied, and then both defendants filed a motion to compel arbitration and to stay proceedings pending arbitration. Defendants argued in their memorandum that the instant dispute was actually one involving the terms of plaintiff's lease with Howasa Spain and that the lease required such matters to be arbitrated with the International Chamber of Commerce in Paris, France. In support of their position, defendants attached a letter from plaintiff to Howasa Spain. The letter purported to terminate the lease with Howasa Spain for seventeen reasons which included some statements similar to allegations made in its complaint. Defendants also attached copies of correspondence, although not in English, between Howasa Spain and the International Chamber of Commerce

before which Howasa Spain had commenced arbitration of its dispute with plaintiff.

Defendants also attached to their motion a copy of the lease agreement. The lease provided that Howasa Spain was to manage for plaintiff a commercial hotel property in Torremolinos, Spain, known as Playamar. The rental payable by Howasa Spain to plaintiff, was to be 70% of the annual gross operating profit of Playamar up to $100,000 and 75% of the amount in excess of $100,000. The lease made extensive provision for what was and what was not to be included in annual gross income and provided that the lessee alone would bear any loss. The lease also provided that Howasa Spain was to have discretion to manage the property in the best interests of the property but in order to decrease the number of personnel on the property and to achieve more favorable results for the property was to provide a central administrative office or other organization inside or outside of Spain to deal with public relations, reservations, and other matters. The lease made frequent mention of Howasa Spain's parent corporation and subsidiaries, including in Article III, Section 1, reference to travel agencies. Article XVII of the lease provided the following regarding arbitration:

"All disputes arising in connection with the present contract shall be finally settled under the Rules of Conciliation and Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the Rules."

After considering the matter, the trial court granted defendants' motion and ordered that there was no just reason to delay enforcement of or appeal from the order. Plaintiff subsequently petitioned the court to reconsider the matter arguing that the Rules of Conciliation and Arbitration of the International Chamber of Commerce required originals of all contracts providing for arbitration, that no arbitration agreement existed between plaintiff and defendants, and that the matters sought by Howasa Spain through arbitration did not include the matters raised in the complaint. An English translation of the Chamber of Commerce's rules and Howasa Spain's request for arbitration were attached to the motion as were the affidavits of a member of the New York bar having experience in such arbitration matters. Howasa Spain's request for arbitration asked the Chamber of Commerce to determine whether plaintiff's notice of termination was justified, whether the contract should be extended because of plaintiff's delays in completing Playamar, and whether it (Howasa Spain) should receive damages from plaintiff for nonperformance. Plaintiff also filed in the circuit court a motion for modification of the stay order to permit discovery. In this motion plaintiff argues that the

Rules of the Chamber of Commerce do not permit discovery as does the Uniform Arbitration Act but do permit the parties to apply to courts of competent jurisdiction for protection in situations of urgency.

The trial court after further consideration denied both of plaintiff's motions finding that the thrust of plaintiff's complaint related to the propriety of the lease agreement, that the issues of the instant case relate to the issue of gross operating profit, that Howasa Spain had contested plaintiff's right to terminate the lease, that the issue of the propriety of the agreement is corollary to the issue of profitability and may properly be considered in arbitration, and that plaintiff has no justiciable issue absent a finding of impropriety of the agreement.

OPINION

Before examining plaintiff's contentions, we believe we must clarify the nature of the instant appeal. Within proper time, plaintiff sought reconsideration and modification of the trial court's order granting defendants' motion to compel arbitration and to stay proceedings pending arbitration. Plaintiff appeals the denial of his motions which had the effect of continuing the stay order. We believe an order granting a stay of proceedings is in effect the granting of a preliminary injunction which is appealable pursuant to Supreme Court Rule 307(a)(1). We are supported in this view by the court in *School District No. 46 v. Del Bianco*, 68 Ill.App.2d 145, 215 N.E.2d 25, by section 4 of the Injunction Act (Ill. Rev. Stat. 1971, ch. 69, sec. 4.), and by sections 2 and 18 of the Uniform Arbitration Act. Ill. Rev. Stat. 1971, ch. 10, secs. 102 and 118.

We will consider only plaintiff's first contention since it requires reversal of the case. Plaintiff first contends that it cannot compel or be compelled to arbitrate with parties not signatories to the arbitration agreement and that since neither of the defendants is a party to the lease between plaintiff and Howasa Spain, nor to the pending arbitration proceeding in France, plaintiff cannot be compelled to participate in any arbitration with defendants. Except as we shall subsequently explain, none of the major Illinois decisions regarding arbitration (*Flood v. Country Mutual Insurance Co.*, 41 Ill.2d 91, 242 N.E.2d 149; *Blades Inc. v. Jarman Memorial Fund, Inc.*, 109 Ill.App.2d 224, 248 N.E.2d 289; *School District No. 46 v. Del Bianco*, 68 Ill.App.2d 145, 215 N.E.2d 25) reach this issue. Plaintiff relies on cases from other jurisdictions. (*Sherwood Village Cooperative A. Inc. v. Had-Ten Estates Corp.*, 29 App.Div.2d 771, 287 N.Y.S.2d 921; *Livingston v. Cheney-Frantex, Longford-Weavers, Inc.*, 14 App.Div.2d 518, 216 N.Y.S.2d 1011.) A few Illinois decisions are persuasive on the matter however. In *Ramonas v. Kerelis*, 102 Ill.App.2d 262, 272-273, 243 N.E.2d 711, 716-717, the court indicated that if the

issue was properly raised, a non-party to an agreement for arbitration could properly raise the defense that a non-party cannot be forced into arbitration. In Silver Cross Hospital v. S. N. Nielson Co., 8 Ill.App.3d 1000, 1001, 291 N.E.2d 247, the court affirmed an order dismissing a party from an arbitration proceeding "for want of privity of contract." Although defendants argue that they in effect were parties to the agreement because they were mentioned in it, they cite no cases going to that extent and we doubt that they would be able to do so. We believe plaintiff's position is justified. Those who are not parties to an arbitration agreement cannot be forced into arbitration and conversely since the effect of the trial court's order was that defendants, non-parties to the arbitration agreement, could compel plaintiff, a party to the agreement, to arbitrate with such non-parties, the trial court erred. Although we are not certain that the tort of interference with contractual relationship is limited only to the situation where a breach of the contract has occurred, as defendants argue, we need not reach this issue.

The order of the circuit court of Cook County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER, P. J., and ENGLISH, J., concur.