Bernard ZELL, Plaintiff-Appellant,

v.

JACOBY–BENDER, INC.,
Defendant-Appellee.

No. 75–2159.

United States Court of Appeals,
Seventh Circuit.

Argued June 7, 1976.

Decided Sept. 1, 1976.

William A. London, Chicago, Ill., for plaintiff-appellant.

Richard M. Calkins, Chicago, Ill., for defendant-appellee.

Before FAIRCHILD, Chief Judge, SWYGERT and WOOD, Circuit Judges.

SWYGERT, Circuit Judge.

This is a diversity suit for an accounting of commissions allegedly due the plaintiff-appellant Bernard Zell from defendant-appellee Jacoby-Bender, Inc. The questions on appeal revolve around an arbitration provision contained in the parties' contract. The principal question is whether the district court properly granted defendant's motion to stay the proceedings pending arbitration. For the reasons stated below we affirm.

In 1955 the plaintiff and the defendant entered into a contract. Under the terms of the agreement, plaintiff was appointed defendant's sales representative for nine midwestern states and the City of Winnipeg, Canada. As compensation for his services, plaintiff was to receive a commission based upon sales which were deemed attributable to him. The parties agreed to arbitrate any dispute arising out of the contract. Paragraph 12 of the agreement provides:

This agreement shall be construed, interpreted and enforced according to the laws of the State of New York, and all claims, demands, disputes, differences, controversies and misunderstandings, the disposition of which is not specifically herein provided for, shall be submitted to and be determined by arbitration, pursuant to the rules of the American Arbitration Association then obtaining; and judgment on the award may be entered in any court having proper jurisdiction.

Dissatisfied with his compensation, the plaintiff filed a complaint seeking an equitable accounting in April 1975. In response, the defendant filed a demand for arbitration with the American Arbitration Association in New York pursuant to the contract. Shortly thereafter it also filed a motion to stay the district court proceedings pending arbitration. The district court granted the defendant's motion to stay and the plaintiff brought this appeal.

I

Initially there is a question of appealability of the stay order.[1] The defendant contends that in a suit for an accounting this court is without jurisdiction to review a district court's order granting a stay of proceedings pending arbitration because such an order constitutes neither an interlocutory order granting or refusing an injunction within the meaning of 28 U.S.C. § 1292(a)(1) nor a final decision within 28 U.S.C. § 1291. The defendant relies on *Baltimore Contractors v. Bodinger*, 348 U.S. 176, 75 S.Ct. 1249, 99 L.Ed. 233 (1955), to support his position.

*Baltimore Contractors* is almost identical factually to the instant case. It involved an action for an accounting under a joint venture agreement in which a stay was sought to permit arbitration, pursuant to the contract. The district court denied the stay, and the court of appeals dismissed the suit on the ground that the denial was not appealable. The Supreme Court in its analy-

---

1. The defendant raised the issue previously in a motion to dismiss for lack of subject matter jurisdiction. We denied the motion. Because the defendant again raises the issue, and we denied the motion without explanation we will address the issue.

sis reached the same conclusion. It found that the denial of the stay was not a "final decision" within the meaning of that phrase in 28 U.S.C. § 1291 and that it was not a refusal of an interlocutory injunction under 28 U.S.C. § 1292(a)(1). The Court also noted the historical distinction in this area of law between actions at law and actions in equity. It pointed out that although stay orders in proceedings at law are appealable, those in equitable proceedings are not. Commenting on the incongruity of the result, the Court, nonetheless, concluded that it was better judicial practice to adhere to precedent. *Baltimore Contractors v. Bodinger, supra* 348 U.S. at 184–185, 75 S.Ct. 1249.

 We would agree with defendant that *Baltimore Contractors* controls our decision here if plaintiff's claim for relief were truly one for an equitable accounting. However, as the Court said in *Dairy Queen v. Wood,* 369 U.S. 469, 478, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962):

> The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is, as we pointed out in *Beacon Theatres,* the absence of an adequate remedy at law. Consequently, in order to maintain such a suit on a cause of action cognizable at law, as this one is, the plaintiff must be able to show that the "accounts between the parties" are of such a "complicated nature" that only a court of equity can satisfactorily unravel them. (Citations omitted.)

In our view the instant case is for breach of contract, an action · cognizable at law. There is nothing in the record before us which indicates "that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them." *Id.* Legal remedies should not be characterized as inadequate merely because the measure of damages may necessitate a look into the plaintiff's business records. *Id.* at 479, 82 S.Ct. 894. Therefore, we find the instant case to be an action at law and appealable as an interlocutory injunction under 28 U.S.C. § 1292(a)(1). *Baltimore Contractors v. Bodinger,* 348 U.S. 176, 75 S.Ct. 1249, 99 L.Ed. 233 (1955); *see Alberto-Culver Co. v. Scherk,* 484 F.2d 611 (7th Cir. 1973), *rev'd on other grounds,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974).

## II

We now turn to the merits of plaintiff's argument that the district court erred in staying the proceedings pending arbitration. The defendant brought the motion to stay proceedings pending arbitration pursuant to 9 U.S.C. § 3, the Federal Arbitration Act, and Ill.Rev.Stat. ch. 10, § 102 (1975). The district court applied section 3 of the Federal Arbitration Act and granted the stay, finding the matter of disputed commissions to be arbitrable under the parties' contract.[2] The court said:

> Here the agreement to arbitrate clearly exists and is applicable to the dispute and should be enforced. Under Illinois law, and more importantly under New York law, an agreement to arbitrate a future controversy is valid. See Illinois Revised Statutes. Chapter X, Section 102, McKinney's [McKinney's] Consolidated Laws of New York, the Civil Practice Law and Rules, Section 7501 and Section 7503.
>
> The validity of this agreement must be recognized by this Court. 9 U.S.C., Section 3. Accordingly, the defendant's motion for an order staying proceedings herein pending arbitration is allowed.

The plaintiff contends the district court erred in applying state law to interpret the

---

**2.** 9 U.S.C. § 3 provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

validity of the arbitration agreement under the Federal Arbitration Act. He argues that only federal case law should be a basis of interpretation of the federal act. During oral argument he further complained that the district court failed to make an initial determination that the Federal Arbitration Act was applicable.

██ The plaintiff was justified in his complaint that the district court should have made an initial determination that the Federal Arbitration Act was applicable. In *Bernhardt v. Polygraphic Company of America,* 350 U.S. 198, 202, 76 S.Ct. 273, 100 L.Ed. 199 (1956), the Supreme Court held that section 3 of the act applies only to those contracts covered by sections 1 and 2. A contract comes within the scope of 9 U.S.C. § 2 only if it is a "maritime transaction" or "a contract evidencing a transaction involving commerce." [3] Section 1 of 9 U.S.C. defines commerce as including "commerce among the several States or with foreign nations." [4] Nonetheless, we find the district court's error harmless because it is clear from the face of the contract that the Federal Arbitration Act applies.

Defendant is a manufacturer and distributor of goods moving in interstate and foreign commerce. Four times a year, as defendant's selling representative, plaintiff was required by the contract to visit defendant's customers within an area encompassing nine states and the City of Winnipeg. Unquestionably, the agreement is "a contract evidencing a transaction involving commerce."

██ The plaintiff was also correct in his assertion that federal law governs the validity of an arbitration agreement when the Federal Arbitration Act is applicable. *Acevedo Maldonado v. PPG Industries, Inc.,* 514 F.2d 614, 616 (1st Cir. 1975); *Collins Radio Co. v. Ex-Cell-O Corp.,* 467 F.2d 995, 997 (8th Cir. 1972). Although the district court erred in its application of Illinois and New York law to determine the validity of the arbitration agreement, we will not remand the case because the court reached the correct result and otherwise complied with section 3 of the act. We note that plaintiff has not challenged the district court's finding that the matter of the disputed commissions is an issue referable to arbitration under paragraph 12 of the agreement. Section 3 explicitly requires that such a finding be made prior to the issuance of an order to stay proceedings pending arbitration.

### III

Plaintiff's second argument is that if Illinois law is applicable to the Federal Arbitration Act, the district court erred in applying the Illinois Uniform Arbitration Act instead of the Arbitration and Awards Act, prior Illinois law. Because we have already determined that federal case law controls the interpretation of the Federal Arbitration Act, we need not consider this argument.

### IV

Finally, we turn to the plaintiff's third argument. Plaintiff alleges that the district court erred in failing to find that the agreement to arbitrate was revoked by the parties' mutual cancellation of the agreement.

---

**3.** 9 U.S.C. § 2 provides:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

**4.** 9 U.S.C. § 1 provides in part:

"[C]ommerce", as herein defined, means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation, but nothing herein contained shall reply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.

In an effort to present this argument which was not before the district court, plaintiff moved to clarify and supplement the record on appeal pursuant to Fed.R. App.P. 10(e). The motion was denied, and plaintiff now asks this court to take judicial notice of certain documents he filed in a companion case (between the same parties and before the same district court) after the district court ordered the stay of the instant action. Plaintiff argues: (1) that the documents will clearly establish the fact of his retirement; (2) that his retirement constitutes a mutual cancellation of the employment agreement; and (3) that the mutual cancellation of the employment agreement constitutes a revocation of the arbitration agreement.

We decline to take judicial notice of the documents plaintiff requests. In this case, we do not believe the interests of justice or expedience compel us to depart from the general rule that an appellate court will consider only the record before the trial court. *Paridy v. Caterpillar Tractor Co.*, 48 F.2d 166, 168 (7th Cir. 1931). Certainly the alleged fact that plaintiff retired in 1971 is not a "new development" which could not have been included in the record of this case. Therefore, *Landy v. FDIC*, 486 F.2d 139 (3d Cir. 1973), upon which plaintiff relies is inapplicable.

The district court correctly applied section 3 of the Federal Arbitration Act and ordered a stay of the proceedings pending arbitration. Accordingly, the judgment is affirmed.