(No. 57289.—

MICHAEL R. NOTARO, SR., Appellant, v. NOR-EVAN CORPORATION, Appellee.

*Opinion filed October 21, 1983.—Rehearing denied December 2, 1983.*

WARD and SIMON, JJ., took no part.
MORAN, J., dissenting.

McDermott, Will & Emery, of Chicago (Wilber H. Boies and N. Rosie Rosenbaum, of counsel), for appellant.

Fox and Grove, Chartered, of Chicago (Alan L. Unikel, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Nor-Evan Corporation, appealed from the order of the circuit court of Cook County denying its motion to dismiss the action for declaratory judgment filed by plaintiff, Michael R. Notaro, and to require plaintiff to proceed to arbitration of certain claims made by defendant. In a Rule 23 order (87 Ill. 2d R. 23), the appellate court reversed (107 Ill. App. 3d 1168), and we allowed plaintiff's petition for leave to appeal (87 Ill. 2d R. 315).

In plaintiff's complaint, it was alleged in count I that plaintiff sold his 90% of the outstanding stock of the National Bank of North Evanston to defendant's predecessor in interest. Under the purchase agreement, plaintiff assumed a contingent obligation to rebate a portion of the purchase price of the stock based on certain "loss items," including "problem loans." The agreement detailed the procedures to be followed by the buyer with respect to the identification of, and efforts to collect, the "problem loans."

Plaintiff alleged that article IV of a supplemental agreement executed by the parties required defendant, within 90 days of the December 31, 1975, closing, to provide plaintiff with a list, prepared by a "national" firm of certified public accountants, of potential problem loans; that defendant did not furnish him with a copy of that list until June 15, 1977; that under article IV of the supplemental agreement, defendant was required to provide a second list of problem loans by December 31, 1976, and failed to furnish that list until October 30, 1978; that defendant breached the provisions of article IV by failing to use its best efforts from January 1, 1976, through December 31, 1978, to collect potential problem loans; and that defendant is asserting a claim based on the "problem loans" provisions of the

agreement. The complaint asks that a declaratory judgment be entered that plaintiff has been "discharged from all contractual duties and obligations" to defendant.

In count II plaintiff alleged that defendant has advised him that it intends to initiate arbitration proceedings. Plaintiff asks that a hearing be held pursuant to section 2 of the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 102) and that the court enter judgment holding that there is no valid and enforceable arbitration agreement between the parties.

Defendant moved to dismiss and to compel arbitration. The circuit court, holding that the subject matter of the present action was not within the scope of the arbitration provision of the agreement, denied defendant's motions.

During oral argument before this court, we raised, *sua sponte*, the question whether the circuit court order was an appealable order and requested the parties to submit briefs. It appears that the appellate court, analogizing an order to compel or deny arbitration to an order granting or denying a temporary injunction, has held such orders to be appealable under Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)), which in pertinent part provides:

> "An appeal may be taken to the Appellate Court from an interlocutory order of court:
>> (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction; ***."

See *Property Management, Ltd. v. Howasa, Inc.* (1973), 14 Ill. App. 3d 536; *School District No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145.

Title 28 U.S.C. section 1292(a) (1976) provides:

> "The courts of appeal shall have jurisdiction of appeals from:
>> (1) Interlocutory orders of the district courts of the United States *** granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."

This section has also been interpreted to permit appeals from orders granting or refusing a stay of proceedings pending arbitration. (*C. Itoh & Co. (America) Inc. v. Jordan International Co.* (7th Cir. 1977), 552 F.2d 1228, 1230 n.2; *Zell v. Jacoby-Bender, Inc.* (7th Cir. 1976), 542 F.2d 34, 35-36.) We hold that the order denying defendant's motion to compel arbitration was an appealable order.

Paragraph B of article VIII of the agreement, as amended, provides the procedure for determining "Problem Loans." Although count I of the complaint contains a number of allegations which are conclusional in nature, it alleges failure to comply with paragraph B in that plaintiff was not furnished copies of lists of potential problem loans and that defendant did not cause the bank to use its best efforts to collect such loans. Paragraph C of article VIII provides in pertinent part:

> "C. The amount of the 'Loss Items' shall be equal to the sum of:
>
> * * *
>
> (ii) the total amount due and owing to the Bank on the Problem Loans described in Paragraph B of this Section VIII."

Paragraphs F and G provide:

> "F. If, at any time, the Purchaser has any claim or claims against the Seller pursuant to Paragraph C of this Section VIII, the Purchaser shall promptly notify the Seller thereof, in writing, specifying the amount and nature of such claim or claims. Thereafter, the Seller may object to any such claim or claims by giving written notice thereof to the Purchaser within thirty (30) days after receipt from the Purchaser of notice of such claim or claims. If the Seller shall fail so to object within said period of thirty (30) days, such failure shall constitute an acceptance by the Seller of liability for such claim or claims. If the Seller shall object to any such claim or claims and such objection is not resolved between the parties within sixty (60) days after the date on which such objection is received by the Purchaser, or such longer period as the parties may both agree on, then the

arbitration procedure set forth in Paragraph G of this Section VIII of this Agreement shall be followed and the award rendered by the Arbitrator shall be conclusive and binding on all of the parties concerned. For any claim or claims accepted by the Seller or for any claim or claims that the Seller is determined to be liable pursuant to said arbitration procedure, the Seller shall make payment as provided for in Paragraph D of this Section VIII as is required by the circumstances.

G. In the event that pursuant to Paragraph F of this Section VIII the Seller shall have advised the Purchaser of any objection to any claim or claims made by the Purchaser pursuant to Paragraph C of this Section VIII of this Agreement which is not resolved to the mutual satisfaction of the Purchaser and the Seller within the period of sixty (60) days or such longer period as is agreed on by the parties as provided in Paragraph F of this Section VIII of this Agreement, then, in such event, the following arbitration procedure shall be used: Upon the request of either the Seller or the Purchaser, the then President of the Chicago Bar Association shall select a nationally recognized firm of certified public accountants to act as Arbitrator. Within ten (10) days after the selection of the Arbitrator, or such extended period as shall mutually be agreed upon by the Seller and the Purchaser and the Arbitrator, the Arbitrator shall render a written decision concerning said objections and send copies thereof to the Seller and the Purchaser. The decision of the Arbitrator shall be binding and conclusive on all of the parties concerned. Any cost incurred for the services of the Arbitrator shall be shared equally by the Seller and the Purchaser.''

The circuit court held that the question whether defendant had complied with the contract within the time specified was not within the scope of the arbitration provision and denied defendant's motion. In reversing, the appellate court held that the circuit court erred in holding that the question whether defendant had breached the agreement was for the court, and that the dispute was within the scope of the arbitration agreement.

Plaintiff contends that the arbitration agreement provides for the technical disputes concerning the loans to be resolved by experts, *i.e.,* certified public accountants, and that the parties did not, by entering into the agreement, waive judicial resolution of the legal issues presented. He argues that the arbitration provision is limited to resolution of the amount and nature of loss item claims and that the authority of the arbitrator does not encompass the legal issues concerning defendant's prejudicial failure to comply with the terms and provisions of the agreement. It is defendant's position that the appellate court correctly held that it was improper to consider the merits of plaintiff's contention concerning the alleged breach and that those issues as well as the question of amounts involved in the respective claims were subject to arbitration.

The Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 101 *et seq.*) in pertinent part provided:

"Sec. 1. Validity of arbitration agreement. A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist for the revocation of any contract ***." Ill. Rev. Stat. 1979, ch. 10, par. 101.

"Sec. 2. Proceedings to compel or stay arbitration.

(a) On application of a party showing an agreement described in Section 1, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. That issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay or-

dered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

\* \* \*

(e) An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown." Ill. Rev. Stat. 1979, ch. 10, pars. 102(a), (b), (e).

In *Security Mutual Casualty Co. v. Harbor Insurance Co.* (1979), 77 Ill. 2d 446, 449-50, the court said:

"The long established rule, enunciated in *Ross v. Watt* (1854), 16 Ill. 99, is that 'In construing instruments of submission to arbitration, courts always give as large a construction to them, as the words of the instrument and the intentions of the parties, drawn from their expressions, will warrant,' 16 Ill. 99, 102. See also *Podolsky v. Raskin* (1920), 294 Ill. 443."

In *Security Mutual* it was contended that arbitration could not be compelled because the agreement between the parties had terminated. In rejecting that argument the court said:

"Security argues that, in order to decide the appeal from the interlocutory order compelling arbitration, it was necessary that the appellate court determine whether, at the time of the occurrence out of which liability arose, there was an arbitration agreement in force between the parties. Simply stated, the argument is that the arbitration clause cannot exceed the scope of the re-insurance agreement, and before it can be determined whether the dispute was arbitrable, it must be determined whether the agreement was in force and effect when Bertero's cause of action arose.

We do not agree. Acceptance of Security's contention would require resolution of the merits of the cause prior to reaching the threshold question and the sole question presented by this appeal—whether under the agreement between the parties the dispute was subject to arbitration. Whether Harbor's claim is meritorious is not the issue; if under the language of the agreement its claim is

arbitrable, it is arbitrable whether valid or invalid.

We hold that under the provisions of the agreement the dispute between Security and Harbor is 'in connection with' the agreement between them and under its provisions was subject to arbitration. In determining the validity of Harbor's claim the appellate court exceeded the scope of review and, in so doing, erred." 77 Ill. 2d 446, 450-51.

Paragraphs F and G of article VIII of the agreement provide for an objection by the plaintiff "to any such claim or claims" and, in the event that the objection is not resolved, provides for arbitration. The reference in paragraph G is "to any claim or claims made by the Purchaser ***." Neither paragraph F nor G contains any provision which limits the arbitration procedure to objections based solely on grounds which are within the expertise of certified public accountants. The language "any objection to any claim or claims" is as broad as the provision in *Security Mutual* for the arbitration of disputes "in connection with this agreement." We perceive no basis to hold, as contended by plaintiff, that the provision that the arbitrator to be selected is a certified public accounting firm, limits the arbitrator's authority to resolve "any objection to any claim." For the reasons stated the judgment of the appellate court is affirmed.

*Judgment affirmed.*

WARD and SIMON, JJ., took no part in the consideration or decision of this case.

JUSTICE MORAN, dissenting:

In my opinion the trial court order on review was not appealable, and I, therefore, respectfully dissent.

In my view today's decision extends the right of appeal under Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)). The court's conclusion, that the order denying defendant's motion to compel arbitration constituted an appealable order, is founded upon a misreading of the cases cited in support of

the conclusion.

In *School District No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145, a case in which I concurred, the appeal was from a trial court's denial of a combined motion by defendant to proceed to arbitration and to stay any further proceedings. There the court held, "The application was for a stay order, injunctive in nature, and its denial was in effect the denial of an interlocutory injunction. Consequently, such order was appealable ***." 68 Ill. App. 2d 145, 152-53.

In *Property Management, Ltd. v. Howasa, Inc.* (1973), 14 Ill. App. 3d 536, the defendants filed a combined motion to compel arbitration and to stay any further proceedings. The motion was allowed and the plaintiff appealed. On the basis of *Del Bianco*, the court stated, "We believe an order granting a stay of proceedings is in effect the granting of a preliminary injunction which is appealable pursuant to Supreme Court Rule 307(a)(1)." 14 Ill. App. 3d 536, 539.

The majority opinion admits that the two Federal cases cited in support of its position were appeals from orders "granting or refusing a stay of proceedings pending arbitration." 98 Ill. 2d at 271.

This is not the background of the present case; defendant's motion to dismiss plaintiff's complaint and to compel arbitration never sought a stay order, nor was one ever allowed or denied. The trial court, after studying the parties' memorandum in support of their positions and listening to oral argument, denied defendant's motion to dismiss and ordered defendant to file its answer to plaintiff's complaint within 28 days. It is from this order that the defendant appealed.

It is basic law that where a court lacks jurisdiction in a proceeding it cannot be acquired by the litigant's consent or agreement. I would, therefore, reverse the judgment of the appellate court, on the ground that it was without

jurisdiction to hear the appeal, and remand the cause to the trial court for further proceedings.