2023 IL App (1st) 230782-U

FOURTH DIVISION
September 1, 2023

No. 1-23-0782

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| KEK, LLC, an Illinois Limited Liability Company, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2021 CH 6001 |
| | ) | |
| 1120 CLUB CONDOMINIUM ASSOCIATION, | ) | Honorable |
| | ) | Joel Chupack, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE DELORT delivered the judgment of the court.
Justices Lyle and Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's order compelling a real estate dispute to be arbitrated because the relevant contract language mandates arbitration for all claims of the type alleged in the underlying complaint.

¶ 2                                              BACKGROUND

¶ 3    KEK, LLC is the owner of a unit in a building in Oak Park, Illinois. The building's

manager, defendant 1120 Club Condominium Association, filed a multi-count complaint alleging,

among other things, that the declaration of covenants, conditions, restrictions and reciprocal easements (which the parties, and we, will refer to as the REA) applicable to the parties had expired, and that accordingly, KEK was not required to pay certain common expenses. The condominium association moved to stay the proceedings and compel arbitration, which the circuit court granted. On appeal, KEK argues that its claims fall outside the scope of the arbitration provision. We affirm.

¶ 4                                        FACTS

¶ 5     In 2010, KEK purchased a commercial condominium unit in the Drechsler building. The Drechsler building is a four-story commercial building containing four commercial condominium units. The Drechsler building is part of a larger development, the 1120 Development, which also includes another building (referred to as the "main building" herein). The REA governs the 1120 Development, which is managed by the condominium association.

¶ 6     The REA is central to the parties' dispute, as it sets forth the nature of the relationship between KEK and the condominium association. The REA provides, in relevant part:

"20.01 Arbitration. All questions, differences, disputes, claims or controversies arising under this Declaration involving an amount not exceeding $150,000.00 (in 2006 Equivalent Dollars) or involving any of the following matters:

(i) apportionment of insurance premiums;

(ii) the allocation of the cost of providing substitute or additional structural support as provided for in Article IV;

(iii) any dispute arising under Article V involving as the central issue the need for any repair, maintenance, replacement or restoration work; *the allocation of the cost for the work*

2

*or services provided*; or the party responsible for providing any service or repair or replacement; or

(iv) any disputes arising under Section 12.01 with respect to whether any proposed Alterations require the consent of any Owner, and which is not resolved within sixty (60) days (or within such other time period as is expressly provided herein) after same shall arise shall be submitted for arbitration to a panel of three (3) arbitrators at the Chicago, Illinois office of the American Arbitration Association in accordance with its then existing Commercial Arbitration Rules. Such arbitration may be initiated at the request of either Owner. * * *" (Emphasis added).

¶ 7    The operative complaint at issue in this appeal is KEK's six-count amended complaint, filed on February 17, 2023. Count I of the amended complaint sought a declaration that the REA has expired or should be terminated, as it applies to the Drechsler building, because the Drechsler building receives no benefit for certain services provided under the REA. Count II sought a declaration that KEK is not obligated to pay certain common expenses under the REA. Count III sought a permanent injunction requiring the condominium association to provide monthly statements for the total amount of common expenses. Count IV asserted a claim for breach of contract based on the condominium association's alleged refusal to provide KEK with monthly statements. Count V sought an accounting of all common expenses incurred by the condominium association. Count VI asserted a claim for slander of title based upon two liens that the condominium association recorded against KEK's condominium unit for amounts allegedly due from KEK under the REA. In essence, the common thread linking these six counts is KEK's dispute over its obligation to pay certain common expenses to the condominium association, and the appropriate remedies for breach of that obligation.

¶ 8 The condominium association filed a motion to stay judicial proceedings and compel arbitration, arguing that all of KEK's claims must proceed through arbitration. After briefing, the circuit court stayed the proceedings, compelled arbitration, and dismissed KEK's complaint without prejudice. This appeal followed.

¶ 9                                    ANALYSIS

¶ 10 On appeal, KEK argues that the circuit court erred in its determination that the dispute must proceed through arbitration. We note that we have jurisdiction over this appeal pursuant to Illinois Supreme Court Rule 307(a)(1). Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). That rule allows an appeal as a matter of right from an order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction", which encompasses orders staying cases pursuant to an arbitration contract because those orders are injunctive in nature. *Salsitz v. Kreiss*, 198 Ill.2d 1, 11 (2001), citing *Notaro v. Nor–Evan Corp.*, 98 Ill. 2d 268, 271 (1983).

¶ 11 Section 2(a) of the Illinois Arbitration Act, 710 ILCS 5/2(a) (West 2020), provides in part:

> "On application of a party showing an agreement described in Section 1, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied."

¶ 12 An arbitration agreement is a matter of contract. *Salsitz v. Kreiss*, 198 Ill. 2d 1, 13 (2001). The interpretation of a contract is a question of law, which we review *de novo. Dowling v. Chicago Options Associates, Inc.*, 226 Ill. 2d 277, 285 (2007). If the court finds that a valid arbitration agreement exists, it must compel arbitration. *Griffith v. Wilmette Harbor Ass'n, Inc.*, 378 Ill. App.

3d 173, 180 (2007). Similarly, a court may not compel arbitration where there is no valid arbitration agreement. *Id.*

¶ 13    Here, section 20.01(iii) of the REA provides that any dispute which has as its central issue the "need for any repair, maintenance, replacement or restoration work; the allocation of the cost for the work or services provided; or the party responsible for providing any service or repair or replacement" must be arbitrated. We find the second category—the allocation for the cost for the work or services provided—relevant to the present dispute. Therefore, we consider each count of the amended complaint to determine whether the "cost for the work or services provided" is the central issue of that count.

¶ 14    Count I alleged that "[T]here exists an actual controversy between the parties hereto regarding the applicability of the terms of the REA to the Drechsler Building, and the Unit and KEK's obligations to make payments of the Common Expenses." This allegation appears to be based on KEK's prior contention that the Drechsler Building, in which KEK's unit is located, neither shares any common facilities with the main building nor receives any benefit of the services provided. Therefore, KEK argues, the condominium association had no basis to charge KEK any amount for work or services. Common expenses represent the shared costs of work or services provided for a condominium building. Therefore, we find that the central issue of this request for declaratory judgment deals with the "cost for the work or services provided", and therefore, it must proceed through arbitration.

¶ 15    Similarly, count II sought a declaration that KEK is not obligated to pay certain common expenses under the REA. Again, it alleged the existence of an actual controversy as to whether KEK is required to pay the condominium association for those common expenses. Specifically, it alleged that the liens encumbering KEK's unit for unpaid common expenses were wrongfully

recorded, as KEK was never required to pay certain "shared expenses" that the lien amounts represent. This allegation is very similar to the allegations contained in count I, and must also proceed through arbitration.

¶ 16    Counts III through VI relate to the same dispute over allocation of expenses, but simply seek various remedies for the alleged breach of that dispute: issuance of financial statements (Count III), damages for breach of contract (Count IV), an accounting (Count V), and damages for slander of title resulting from the lien the condominium association recorded for the unpaid common expenses (Count VI). At their core, regardless of their characterization or remedy sought, these counts deal with the same common expenses already set forth in the prior counts. The core issue dispute, simply put, arises from KEK's disagreement that it must pay for certain common expenses under the REA. Regardless of how its disagreement is classified, all the counts relate to that core issue. Accordingly, as the central issues of all these counts deal with the "cost for the work or services provided", the matter must proceed through arbitration, even if, as the circuit court observed, "the ultimate determination may be a zero allocation".

¶ 17                                CONCLUSION

¶ 18    For these reasons, we affirm the circuit court's order granting the condominium association's motion to stay the proceedings and compel arbitration.

¶ 19    Affirmed.