(No. 51445, 51448 cons.—

SECURITY MUTUAL CASUALTY COMPANY, Appellee, v. HARBOR INSURANCE COMPANY *et al.*, Appellees (Insurance Company of North America *et al.*, Appellants).

*Opinion filed November 21, 1979.*

Baker & McKenzie, of Chicago (Francis D. Morrissey and Norman J. Barry, Jr., of counsel), for appellant Insurance Company of North America.

Lord, Bissell & Brook, of Chicago (R. R. McMahan and Thomas W. Dempsey, of counsel), for appellant Certain Underwriters at Lloyd's, London.

A. Denison Weaver, Ltd., of Chicago, for appellee Security Mutual Casualty Company.

Peterson, Ross, Schloerb & Seidel, of Chicago, and Bodkin, McCarthy, Sargent & Smith, of Los Angeles (Henry G. Bodkin, Norbert J. Wegerzyn, Toni M. Oberscheven and Louis C. Roberts, of counsel), for appellee Harbor Insurance Company.

Haskell & Perrin, of Chicago (Donald M. Haskell and Philip A. Jackman, of counsel), for appellee Continental Casualty Company.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Security Mutual Casualty Company, appealed from the order of the circuit court of Cook County allowing the petition of defendant Harbor Insurance Company (hereafter Harbor) to compel arbitration. The appellate court reversed (65 Ill. App. 3d 198), and we allowed the petitions for leave to appeal of defendants Certain Underwriters at Lloyd's and Insurance Company of North America. This controversy stems from an action filed in the superior court of Los Angeles County, California, by John Bertero against National General Corporation charging the malicious prosecution of a cross-complaint filed in prior litigation between the parties. Bertero recovered a judgment against National which

was affirmed by the Supreme Court of California on December 10, 1974. (*Bertero v. National General Corp.* (1974), 13 Cal. 3d 43, 529 P.2d 608, 118 Cal. Rptr. 184.) The releva it facts and the description of the insurance policies and reinsurance agreements here involved are set forth in the appellate court opinion and need not be reviewed here. (65 Ill. App. 3d 198, 200-02.) All of the insurance companies involved have appeared and filed briefs in this court.

Harbor paid substantially all of the judgment recovered by Bertero and demanded reimbursement from plaintiff Security under the reinsurance agreement in force between the parties from January 1, 1960, to January 1, 1965. Security refused to pay and Harbor demanded arbitration. Security filed this action for declaratory judgment seeking a declaration of its rights and obligations under the reinsurance treaty. Named as defendants in addition to defendant Harbor were Continental Casualty Company, Consolidated Mutual Insurance Company, Insurance Company of North America and Certain Underwriters at Lloyd's.

Pursuant to section 2 of the Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 102), Security filed a petition seeking a stay of arbitration. Harbor moved to strike Security's petition to stay arbitration and filed a petition to compel arbitration. The circuit court denied Security's petition to stay arbitration and allowed Harbor's petition to compel arbitration. Security appealed. The appellate court held that the successful conclusion of the original action (the defeat of National's cross-claim against Bertero) was a prerequisite to the malicious prosecution action and that the cause of action, therefore, did not arise until August 1965, when National's cross-complaint against Bertero was terminated in his favor. It reasoned that since the reinsurance treaty between Security and Harbor had been terminated on January 1, 1965, prior to

the time when Bertero's cause of action arose, there was no longer a contractual relationship between the parties, and that "Security was no longer bound to provide excess coverage for Harbor and no arbitration clause was in effect between the parties." 65 Ill. App. 3d 198, 206.

The reinsurance agreement between Harbor and Security provided *inter alia*:

"ARTICLE I.
CLASSES OF BUSINESS REINSURED:
    The Company will reinsure with the Reinsurer and the Reinsurer will accept reinsurance from the Company upon the specific terms and conditions set forth in this Agreement as respects the following classes of business:—
    Third Party Bodily Injury Liability
    (including Medical Payments) and Property
    Damage Liability Business;
    Workmens Compensation and Employers' Liability
        Business;
    Motor Cargo Business"

"ARTICLE XIII.
ARBITRATION:
    In the event of any dispute between the Company and the Reinsurer in connection with this Agreement, such dispute shall be submitted to arbitration.
    As soon as one party demands arbitration and has named an arbitrator, the other party binds itself to name an arbitrator within one (1) month and the two arbitrators shall then within a further period of one (1) month select an umpire. In the case of their being unable to agree upon an umpire, each of them shall name three of whom the other declines two, and the decision shall be made by each of them drawing lots. The umpire shall act under the said Agreement or submission with the same force and effect as if he had been specifically named therein and the decision of the majority of the court of arbitration shall be final and binding upon the contracting parties.
        ***."

The long established rule, enunciated in *Ross v. Watt* (1854), 16 Ill. 99, is that "In construing instruments of submission to arbitration, courts always give as large a

construction to them, as the words of the instrument and the intentions of the parties, drawn from their expressions, will warrant." 16 Ill. 99, 102. See also *Podolsky v. Raskin* (1920), 294 Ill. 443.

The Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 101 *et seq.*) in pertinent part provided:

"Sec. 1. Validity of Arbitration Agreement. A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract.

Sec. 2. Proceedings to Compel or Stay Arbitration. (a) On application of a party showing an agreement described in Section 1, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. That issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

\* \* \*

(e) An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown." Ill. Rev. Stat. 1975, ch. 10, pars. 101, 102(a), (b), (e).

Security argues that, in order to decide the appeal from the interlocutory order compelling arbitration, it was necessary that the appellate court determine whether, at the time of the occurrence out of which liability arose, there was an arbitration agreement in force between the

parties. Simply stated, the argument is that the arbitration clause cannot exceed the scope of the reinsurance agreement, and before it can be determined whether the dispute was arbitrable, it must be determined whether the agreement was in force and effect when Bertero's cause of action arose.

We do not agree. Acceptance of Security's contention would require resolution of the merits of the cause prior to reaching the threshold question and the sole question presented by this appeal—whether under the agreement between the parties the dispute was subject to arbitration. Whether Harbor's claim is meritorious is not the issue; if under the language of the agreement its claim is arbitrable, it is arbitrable whether valid or invalid.

We hold that under the provisions of the agreement the dispute between Security and Harbor is "in connection with" the agreement between them and under its provisions was subject to arbitration. In determining the validity of Harbor's claim the appellate court exceeded the scope of review and, in so doing, erred.

For the reasons stated, the judgment of the appellate court is reversed, the order of the circuit court is affirmed, and this cause is remanded to the circuit court of Cook County for further proceedings consistent with this opinion.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded.*