**ROYAL INDEMNITY COMPANY,**
Appellee,

v.

**E. Louis WERNER, Jr., Appellant.**

No. 92–1595.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1992.

Decided Nov. 12, 1992.

Rehearing and Rehearing En Banc
Denied Dec. 23, 1992.

Robert S. Allen, St. Louis, Mo., argued, for appellant.

Peter B. Hoffman, St. Louis, Mo., argued (Robert E. Tucker, on the brief), for appellee.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

When two limited partnerships in which appellant had invested became unprofitable, he and other investors sued Irving Cohen, their general partner, for securities fraud. After summary judgment was entered in favor of Cohen, he filed a suit for malicious prosecution against appellant and the other plaintiffs in the fraud suit. Appellant had purchased a homeowner's insurance policy ("Homeowner's Policy") and a personal liability policy ("VIP Policy") from appellee, both of which covered claims brought against him for damages due to "personal injury ... caused by an occurrence" that happened "during the policy period." Both policies included "malicious prosecution" in the definition of "personal injury." Appellant demanded that Royal Indemnity defend and indemnify him in the malicious prosecution suit, and appellee refused on the ground that the relevant "occurrence" happened outside the policy period. Appellee then sought a declaratory judgment that it had no duty to defend or indemnify. The district court agreed, 784 F.Supp. 690, with appellee and this appeal followed.

Appellant purchased his policies after he brought the fraud suit but before it was decided. The insurer argues that the "oc-

**1300**

currence" causing the "personal injury," if any, was the filing of that suit and that no coverage is provided since the occurrence arose outside the policy period. Appellant, on the other hand, posits that the relevant occurrence was the termination of the fraud suit, since under Missouri law no "personal injury" arises until that time. Appellant relies here on the familiar rule that a malicious prosecution action could not accrue until the relevant suit terminated in his opponent's favor. *See Euge v. LeMay Bank & Trust Co.*, 386 S.W.2d 398, 399 (Mo.1965); *Walkenhorst v. Lowell H. Liston & Co.*, 752 S.W.2d 825, 827 (Mo. App.1988). (There was a suggestion that Arizona law might be applicable here, but, if so, there is only a false conflict of laws, since Arizona law is the same as Missouri's. *See Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 417, 758 P.2d 1313, 1319 (1988)).

The cases on this question were analyzed by the district court in a lucid and well-reasoned opinion. As the district judge noted, almost all of the courts that have considered the matter have accepted the insurer's argument, even in the face of policy language that offered stronger support for appellant's position than does that contained in the policy relevant here. Many of these cases emphasize that a contrary rule might well enable plaintiffs to lull an unwary insurer into extending coverage after they perceive an impending difficulty from a suit in which they are already engaged. *See, e.g., Southern Md. Agric. Ass'n, Inc. v. Bituminous Casualty Corp.*, 539 F.Supp. 1295, 1302 (D.Md.1982); *Zurich Ins. Co. v. Peterson*, 188 Cal. App.3d 438, 232 Cal.Rptr. 807, 812 (1986); *S. Freedman & Sons, Inc. v. Hartford Fire Ins. Co.*, 396 A.2d 195, 199 (D.C.1978); *Paterson Tallow Co. v. Royal Globe Ins. Companies*, 89 N.J. 24, 444 A.2d 579, 585 (1982). We believe that the Supreme Court of Missouri would be persuaded by the reasoning of these cases. We note, too, that we think it improbable that the term "personal injury" is used in a technical sense to speak of a time when a cause of action has fully matured. It is more likely intended to describe the time when harm

begins to ensue, when injury occurs to the person, that is, in this case, when the relevant law suit is filed.

For the reasons indicated, we affirm the judgment of the district court.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent.

In a sense, the court's opinion today runs contrary to the rule announced in our earlier decision involving the very malicious prosecution action with which we now deal. In *Cohen v. Lupo*, 927 F.2d 363 (8th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 180, 116 L.Ed.2d 142 (1991), we stated:

> The nucleus of operative fact necessary to maintain an action for malicious prosecution includes the conclusion of the underlying action. Whether Cohen would be victorious in the *Bastien* litigation could not have been determined until the conclusion of that case.

> In Missouri, malicious prosecution requires proof that: (1) the underlying offending lawsuit was initiated or maintained without probable cause; ... [and] (3) the proceeding terminated in favor of the defendant....

*Id.* at 365.

While the court today recognizes this rule, its holding ignores it. Certainly, the maintenance of the action is a continuing wrong, and the definition of occurrence in the policy includes "exposure to conditions, which results during the policy period" in personal injury. "Personal injury," however, in turn is defined to include injury arising out of malicious prosecution; there was no malicious prosecution injury, and no claim to be covered by the policy until the *Bastien* litigation concluded. In *Roess v. St. Paul Fire and Marine Insurance Co.*, 383 F.Supp. 1231, 1235 (M.D.Fla.1974), and *Security Mutual Casualty Co. v. Harbor Insurance Co.*, 65 Ill.App.3d 198, 21 Ill. Dec. 707, 712, 382 N.E.2d 1, 6 (1978), *rev'd on other grounds*, 77 Ill.2d 446, 34 Ill.Dec. 167, 397 N.E.2d 839 (1979), courts held

there was coverage under similar circumstances.

The court displays a great solicitude toward "an unwary insurer". The insurers, however, choose the language for their policies. They may include malicious prosecution or not, and further may require policy applicants to provide information on pending lawsuits to use in determining whether to insure such risks. Of the several common law torts enumerated in the definition of personal injury, only malicious prosecution may involve conduct that extends over a period of time, but requires termination of a lawsuit to reach fruition as a claim. In the record before us, Royal obtained information from Werner that he had no unusual hobbies, traveled 60 days per year and owned a dachshund and a cockapoo.[1] If an insurer can require such information, it certainly could have required information about pending lawsuits, and upon this information could have made an educated decision to write the policy or decline it.

I would reverse the judgment of the district court and hold that there was coverage under the policy.

---

**1.** We so interpret a questionnaire, which actually reads "Dauchsand" and "Kocapo".