In the

# United States Court of Appeals
## For the Seventh Circuit
_____

Nos. 13-1699
SELECTIVE INSURANCE COMPANY OF
SOUTH CAROLINA, ET AL.,

*Plaintiff-Appellee,*

and

ALLIANZ GLOBAL RISKS US,
INSURANCE COMPANY,

*Intervening Plaintiff-Appellee.*

*v.*

CITY OF PARIS,

*Defendant-Appellant,*

and

GORDON R. STEIDL, ET AL.,

*Defendants.*
_____

Appeal from the United States District Court for the
Central District of Illinois
No. 2:07-cv-02224 - **Michael P. McCuskey**, *Judge*
_____

ARGUED JUNE 2, 2014—DECIDED OCTOBER 2, 2014
_____

Before FLAUM and WILLIAMS, *Circuit Judges*, and DOW, *District Judge*.[*]

DOW, *District Judge*.  On October 24, 2012, approximately 33 months after the district court granted summary judgment for Appellee Selective Insurance Company of South Carolina, terminated the case, and entered judgment, Appellant City of Paris ("City") filed a motion to reconsider the district court's summary judgment ruling.  The City argued that the case remained open pursuant to Federal Rule of Civil Procedure 54(b) because certain claims were not adjudicated by the Court's ruling.  The district court denied the motion, concluding that the Court did not have jurisdiction pursuant to Rule 54(b) to reconsider the final judgment that it had entered years before, or, alternatively, that the City's request did not satisfy Rule 54(b)'s definition of a separate "claim for relief." We affirm.

**I**.

In 1987, Gordon Steidl and Herbert Whitlock were wrongfully accused of, prosecuted for, and convicted of arson and the brutal murders of two residents in the small town of Paris, Illinois.   Both Steidl and Whitlock received death sentences.  After years of pursuing post-conviction remedies, Steidl was granted a writ of habeas corpus in 2003.  The State of Illinois decided not to retry him, and he obtained his release from custody in 2004.  Whitlock also won post-conviction relief in state court in 2007.  The State eventually decided not to

---

[*] The Honorable Robert M. Dow, Jr., of the Northern District of Illinois, sitting by designation.

proceed with his retrial, and Whitlock too was released from custody in 2008.

Following their exonerations, Steidl and Whitlock brought § 1983 and malicious prosecution claims against the City of Paris and various police officers and prosecutors (collectively, the "City Defendants") whom Steidl and Whitlock alleged were complicit in their wrongful convictions. The City Defendants promptly turned to their insurers to seek defense and indemnification. In 2007, one of the insurers, Selective Insurance Company of South Carolina ("Selective"), brought a declaratory judgment action in federal court seeking to clarify whether it had a duty to defend against the claims asserted by Steidl and Whitlock. In 2008, the district court permitted a second insurer, Allianz Global Risks US Insurance Company ("Allianz"), to intervene. A third insurer, Western World Insurance Group ("Western World"), brought a separate declaratory judgment action against Selective and Allianz, claiming that it was only an excess carrier and therefore had no duty to contribute to the defense of the Steidl and Whitlock lawsuits. Western World's complaint did not seek a declaration that it had no duty to indemnify the City Defendants; rather, it alleged that it had no current duty to defend until all other insurance policies had been exhausted. The two declaratory judgment lawsuits were consolidated in a single action before Judge McCuskey.

An understanding of the insurance timeline provides helpful context here. Western World had issued policies that were in effect from 1985 to 1996. This time period encompassed the wrongful investigations and prosecutions but not Steidl's and Whitlock's exonerations. The second insurer, Allianz (or, technically, its predecessor in interest, Monticello Insurance Company), insured Defendants from 1996 to 1999. Neither the wrongful convictions and prosecutions nor the exonerations

occurred during this timeframe. The third insurer, Selective, insured the City Defendants from 1999 to 2007, during which time Steidl's exoneration occurred.

All three insurers moved for summary judgment. In an opinion dated January 27, 2010, the district court granted Allianz's and Selective's motions and denied Western World's. Although there was a 1978 Illinois Appellate Court case that squarely held that a malicious prosecution claim "occurs" for insurance purposes on the date that the plaintiff receives a favorable termination of the underlying proceeding (see *Security Mutual Insurance Casualty Co. v. Harbor Insurance Co.*, 382 N.E.2d 1 (Ill. App. Ct. 1978), *rev'd on other grounds*, 397 N.E.2d 839 (Ill. 1979)), the district court rejected its holding as an outdated, minority view that likely did not foreshadow the Illinois Supreme Court's current view on the issue. The district court instead adopted the majority view, that malicious prosecution claims "occur" for insurance purposes when a prosecution is instituted. From this premise, the court concluded that Western World was on the hook, granted Selective's and Allianz's summary judgment motions, denied Western World's cross-motion, entered judgment, and terminated the case.

On February 24, 2010, Western World filed a timely Rule 59(e) motion to alter or amend the judgment, asserting that the court erroneously or prematurely had held that it had a duty to indemnify rather than simply a duty to defend. Western World further requested that the court amend the order to clarify that the "trigger" date also applied to Western World's policies and to identify the only Western World policy—the 1987 one—that could be tagged for indemnification if the City Defendants were found liable to Steidl and Whitlock. Western World also moved for leave to file a second amended complaint. Selective filed a two-paragraph document opposing the motion to the extent

that it could be "viewed as impacting the summary judgment granted to Selective." Allianz also filed a short response expressing its view that Western World's motions did not affect the finality of the judgment in its favor. The City Defendants agreed that the court's indemnification ruling was premature, but argued that so, too, was the additional relief sought by Western World. In an order dated May 27, 2010, the court agreed with all of the parties that it had erroneously conflated the duties to indemnify and defend. The Court denied Western World's second request on the ground that it essentially sought an advisory opinion. Accordingly, the Court granted in part and denied in part the Rule 59(e) motion and denied Western World's motion for leave to file a second amended complaint. No one timely appealed any of the district court's rulings.

On April 28, 2010, this Court held that, under Illinois law, a claim for malicious prosecution "occurs" for insurance purposes on the date that the underlying conviction either is invalidated or terminated in the plaintiff's favor. See *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 344-45 (7th Cir. 2010). In reaching its conclusion, the panel relied on the 1978 Illinois Appellate Court case rejected by the district court. *Id.* at 345 (citing *Security Mutual Insurance Casualty*, 382 N.E.2d at 6).[1]

---

[1] On March 16, 2012, this Court issued an opinion in *American Safety Casualty Insurance Co. v. City of Waukegan, Ill.*, 678 F.3d 475 (7th Cir. 2012), in which we expounded upon and reaffirmed the abbreviated analysis in *McFatridge*. *E.g.*, *Am. Safety*, 678 F.3d at 478 ("*McFatridge* holds that, under Illinois law, the issuer of the policy in force on the date a convict is exonerated must defend and indemnify an insured whose law enforcement personnel violate the Constitution (or state law) in the process of securing a criminal conviction. American Safety * * * asks us to overrule *McFatridge* or certify the issue to the Supreme Court of Illinois."). We subsequently reaffirmed both *American Safety* and *McFatridge* in *Northfield Insurance Co. v. City of Waukegan*, 701 F.3d 1124, 1130 (7th Cir. 2012).

On October 24, 2012—approximately 33 months after the district court entered judgment—the City Defendants filed a "Motion to Reconsider Order Granting Summary Judgment," in which they alerted the district court to *American Safety*, which they accurately asserted was in direct conflict with the district court's order of nearly three years prior.  In their brief, the City Defendants also mentioned *McFatridge*, which (as noted above) was issued in April 2010, while Western World's motion to reconsider was pending.[2]   Invoking Federal Rule of Civil Procedure 54(b), they argued that the court's January 27, 2010 order was not a "final order" because "other claims, such as SELECTIVE's prayer for reimbursement for defense cost * * * were not adjudicated by the Order within the meaning" of the rule.  Therefore, they contended, the court could and should revisit its order to account for the "controlling or significant change in the law or facts since the submission of the issue to the court."  Selective opposed the motion on the grounds that the January 27, 2010 judgment was final, that its *ad damnum* prayer for reimbursement was not an unadjudicated "claim" for relief, and that the City Defendants' motion had not been brought within a "reasonable period" as required by Rule 54(b).

On March 4, 2013, the district court denied the motion to reconsider, concluding that the case was closed and had been since January 2010.  Thus, the court reasoned, it "ha[d] no jurisdiction pursuant to Rule 54(b) to reconsider its prior judgment, because final judgment has already been entered, disposing of all claims."  The court held in the alternative that,

---

[2] Because Western World's Rule 59(e) motion tolled the time for appeal (see Fed. R. App. P. 4(a)(4)(A); *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014)), and *McFatridge* was issued while Western World's motion was still pending, the City Defendants could have challenged the district court's order as incorrect had they timely filed a notice of appeal from the January 27, 2010 judgment order after Judge McCuskey ruled on the Rule 59(e) motion.

even if its January 2010 order were to be considered interlocutory ("which it is not"), the motion must be denied because "Defendants seek review on an issue that does not qualify for Rule 54(b)'s definition of a separate 'claim for relief.'" The district court concluded that Selective's "claim" for reimbursement was "an ancillary issue * * * based on the exact same set of facts as the primary contested matter." On April 2, 2013, the City Defendants appealed.[3]

On April 4, 2013, we ordered the parties to submit briefing on the scope of our jurisdiction. Selective filed a brief arguing that the Court lacked jurisdiction to review the January 27, 2010 order because of the untimely nature of the City Defendants' appeal. The City Defendants indicated their desire to appeal the January 27, 2010 order and judgment, the May 27, 2010 order denying Western World's Rule 59(e) motion, and March 4, 2013 order denying their 54(b) motion. Steidl also filed a jurisdictional memorandum,[4] arguing that the Court lacked

---

[3] On March 28, 2013, Steidl filed his own "motion for relief from this court's order of January 27, 2010." Pursuant to "Rules 54(b) and/or 60(b)(6)," or its "inherent authority," Steidl asked the court to determine that the "occurrences, as delineated by the Consent Judgment entered by Judge Baker on March 27, 2013, fall within Selective's policy periods." Steidl's theory as to why Rule 54(b) should apply was that the court had declined to rule on Western's indemnification claims as unripe and that, in light of the judgment from Judge Baker, that issue was now ripe. In the alternative, Steidl argued that "[i]f this Court persists in its holding that its January 27, 2010 order is a final judgment, then it should nonetheless grant Steidl relief under Rule 60(b)[(6)]." Selective opposed this motion, but the district court stayed its consideration of Steidl's motion pending resolution of the instant appeal.

[4] Pursuant to the consent judgment in the underlying case against the City Defendants, "the City agreed to pay Steidl $350,000 of the $1.5 million judgment and assigned its rights, if any, against Selective to Steidl in exchange for a covenant not to execute the remaining $850,000 judgment against the City."

jurisdiction over the appeal because "the district court has not entered a final appealable judgment within the meaning of 28 U.S.C. § 1291." Steidl again asserted (as he did in his March 2013 motion) that the district court "specifically held that it had not determined all the rights and liabilities of all the parties since it recognized it was premature to enter a ruling both as to Western World's duty to indemnify the City Defendants as to occurrences within its policy period and also as to Western World's duty to indemnify as it related to policy periods outside of occurrence dates." In response, Selective reiterated its argument that the court's January 27, 2010 order was final. Following review, we issued an order limiting the appeal "to a review of the order entered on March 4, 2013, denying defendants' motion to reconsider," noting that "[t]he final judgment" in this case was entered on January 27, 2010.

## II.

The appeal in this case presents the limited question of whether the district court properly denied the City's motion to reconsider. The City moved for reconsideration under Federal Rule of Civil Procedure 54(b), which provides:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than

> all the parties does not end the action as to any of
> the claims or parties and may be revised at any
> time before the entry of judgment adjudicating all
> the claims and all the parties' rights and liabilities.

The plain language of Rule 54(b) indicates that it does not apply to judgments which adjudicate all claims involving all parties to a suit. Disposition of this appeal thus turns on whether the district court correctly determined that the January 27, 2010 judgment was a final judgment because no other "separate claims" were pending at the time the court entered judgment. Notwithstanding the City's characterization of its motion as a Rule 54(b) motion to reconsider, if final judgment on all claims has been entered, the only avenues of relief are under Federal Rules of Civil Procedure 59(e) and 60(b). *See Abacarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010).

We review denials of motions for reconsideration brought under Rules 59(e) and 60(b) for abuse of discretion. *See, e.g., Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013) (Rule 59(e)); *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (Rule 60(b)). A district court's "determination that two or more claims constitute separate claims of relief" also is reviewed for "abuse of discretion." *Perera v. Siegel Trading Co., Inc.*, 951 F.2d 780, 786 (7th Cir. 1992). As explained below, we find no abuse of discretion in the district court's disposition of the City's motion for reconsideration. Indeed, because we conclude that the district court's ruling was correct, we would uphold it even under the *de novo* standard of review urged by the City. *See TKK USA, Inc. v. Safety Nat. Cas. Corp.*, 727 F.3d 782, 795 (7th Cir. 2013) ("We need not come to closure on this issue of Illinois law, though. Under either standard, *de novo* review or abuse of discretion, the district court's decision was correct.").

**III**.

Turning to the merits, we find that the district court's January 27, 2010 order contained all of the standard indicia of finality. The order addressed and disposed of dispositive motions that typically are not granted without prejudice. When the court granted Allianz's and Selective's motions for summary judgment and denied Western World's, a separate entry on the court's docket was made that same day on Form AO 450—the form specifically used for entry of a separate final judgment under Rule 58. This Court recently reiterated the purpose and importance of complying with Rule 58: "The purpose of the separate judgment required by [Rule 58] is to let the parties (and the appellate court) know exactly what has been decided and when. The entry of a final judgment under Rule 58 starts the clock for an appeal . . . . Rule 58 is designed to produce clarity." *Brown v. Fifth Third Bank*, 730 F.3d 698, 699-700 (7th Cir. 2013) (noting that form AO 450 is "the preferred and sound vehicle for complying with Rule 58") (quoting *Reytblatt v. Denton*, 812 F.2d 1042, 1043 (7th Cir. 1987)). Additionally, when the parties briefed Western World's Rule 59(e) motion—itself an indicator that a final judgment had been entered—no one suggested that the January 27, 2010 order was not final. In using Form AO 450, particularly in conjunction with the summary judgment opinion noting that "[t]his case is terminated," the district court left no doubt that its order of January 27, 2010, was intended to be final and appealable.

Nearly three years after the district court entered judgment, the City moved under Rule 54(b) for the district court to reconsider its prior judgment in light of "controlling or significant change in the law or facts since the submission of the issue to the court." But, as previously explained, Rule 54(b) cannot be used to modify a final judgment that has disposed of

all claims. Thus, the only question is whether any unresolved "separate claims" within the meaning of Rule 54(b) remained pending at the time that the district court entered judgment on January 27, 2010, such that Rule 54(b), not Rule 60(b), controlled the City's motion. The City contends that the district court's summary judgment opinion and subsequent judgment left two "claims" pending—namely (i) Selective's *ad damnum* request for reimbursement of costs and expenses incurred in defense of the City Defendants in the Steidl lawsuit; and (ii) whether and the extent to which Western World had a duty to indemnify the City Defendants.

Selective responds that the latter justification for non-finality cannot be raised before this Court because the City did not present it below. We agree. "It is a well-established rule that arguments not raised to the district court are waived on appeal." *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). In its motion to reconsider, the City argued that "[a]lthough this Court entered a final order granting certain Motions for Summary Judgment (Doc. 113), other claims, such as SELECTIVE's prayer for reimbursement of defense costs (Doc. 23, p. 23), were not adjudicated by the Order within the meaning of Rule 54(b)." The City's motion does not mention Western World's duty to indemnify. Because the City neglected to raise Western World's duty to indemnify in its motion to reconsider, it is waived on appeal.

That leaves only the issue of whether Selective's prayer for relief constitutes a separate "claim for relief" that was left unresolved in light of the January 27, 2010 order. A "claim" is "the aggregate of operative facts which give rise to a right in the courts." *Sojka v. Bovis Land Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012). Selective's complaint included four counts: two for declaratory judgments as to its duty to defend and two for declaratory judgments as to its duty to indemnify. The prayer

for relief included several requests for relief, including a request that the district court find that it was entitled to reimbursement of the expenses it already incurred in its defense of the City Defendants. Selective's request for declaratory relief and its request for reimbursement of defense costs both depended on the district court's ruling on Selective's duty to defend the City (and by extension, its employees) in the Steidl and Whitlock litigation. Plainly, if the district court had held that Selective owed a duty to defend the City, Selective would not be entitled to reimbursement of its defense costs. Likewise, when the district court concluded that Selective did not have a duty to defend the City and did not specifically award reimbursement of costs and expenses, it implicitly denied that request. The implication in fact is inescapable, and Selective did not (and does not now) take issue with the district court's decision not to award reimbursement costs.

The City analogizes Selective's "claim" for reimbursement of costs to a claim for attorneys' fees. The City points out that "a proceeding to obtain an award of attorney's fees is separate from the underlying suit in which the fees were incurred." *Estate of Drayton v. Nelson*, 53 F.3d 165, 167 (7th Cir. 1994); see also *Amcast Indus. Corp. v. Detrex Corp.*, 45 F.3d 155, 158 (7th Cir. 1995) ("Suppose a final judgment were rendered in a plaintiff's favor and later he moved for an award of attorney's fees or for an order that the defendant disclose the whereabouts of assets needed to pay the judgment. The plaintiff could not in those subsequent, collateral proceedings reopen issues settled by the final judgment, on the ground that the suit was ongoing. The suit would have ended."). But Selective never moved for attorneys' fees or even submitted a bill of costs. Rather, the "fees" that it sought in the *ad damnum* clause were a measure of pecuniary relief, like "lost profits." In not granting that relief, the district court implicitly concluded that it was not warranted

in this action.  See Rule 54(c); see also *Back Doctors Ltd. v. Metro. Property & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) ("In federal courts, '[e]very * * * final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.'")

Further, this Court has suggested that requests for relief asserted in *ad damnum* clauses are not claims for relief, at least for the purposes of Rules 8 and 12(b)(6).  In *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 512-13 (7th Cir. 2009), the Court rejected an ERISA plaintiff's argument that allegations made in an *ad damnum* clause were "sufficient to demonstrate that it was seeking relief on behalf of the Plan." *Sharp Electronics* held that conclusory assertions in an *ad damnum* clause cannot save an inadequately pleaded claim, suggesting that claims and *ad damnum* clauses are distinct.

The bottom line is that the January 27, 2010 judgment was final, and thus the district court did not err in concluding that Rule 54(b) was inapplicable.  Presumably the City understood that the proper rules to use would have been 59(e) or 60(b); however, the City also probably knew that those motions would have been fruitless here.  The City was too late to use Rule 59(e), and "Rule 60(b) cannot be used to reopen the judgment in a civil case just because later authority shows that the judgment may have been incorrect." *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 536-38 (2005)); see also *Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014) ("[A] change in law showing that a previous judgment may have been incorrect is not an 'extraordinary circumstance' justifying relief under Rule 60(b)(6)."). Moreover, "a party invoking Rule 60(b) must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009).   As set forth above, because Western

World's properly-filed Rule 59(e) motion tolled the time for appeal (see Fed. R. App. P. 4(a)(4)(A); *Banks*, 750 F.3d at 666; and *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 344-45 (7th Cir. 2010), was issued while Western World's motion was still pending, the City Defendants could have filed a timely notice of appeal from district court's January 27, 2010 judgment order. But it cannot now challenge that judgment—final then and now—under the artifice of Rule 54(b).

The judgment of the district court is AFFIRMED.