# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

No. 09-20479
No. 10-20063

Lyle W. Cayce
Clerk

KIMBERLEY OWEN, individually and on behalf of others similarly situated,

Plaintiff-Appellee,

versus

HARRIS COUNTY, TEXAS,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:

Kimberly Owen sued Harris County under title VII of the Civil Rights Act of 1964, claiming sex discrimination, sexual harassment, and retaliation. Some of the claims were disposed of on summary judgment.

A jury decided that Owen had not been sexually harassed by Constable Cheek but was sexually harassed by Captain Thurman and that the county did not terminate Owen on account of her sex. The jury awarded Owen $253,000 in

No. 09-20479
No. 10-20063

backpay and compensatory damages. The district court reduced the award and entered judgment for $230,000. The county appeals the judgment and, if it prevails on appeal, seeks reversal of the award of attorney's fees. It also moves for refund of a filing fee that it claims it should not have been assessed for filing an amended notice of appeal.

I.

We have read the briefs and pertinent portions of the record and have reviewed the applicable law. After hearing oral argument, we conclude there is no reversible error. The evidence of sexual harassment was more than sufficient to sustain the verdict, and given the particular procedural posture of the case, there was no reversible error in the manner and substance of the submission to the jury.

II.

The county's notice of appeal was filed July 17, 2009, and, by its terms, "appeals . . . the Final Judgment entered in this action on June 17, 2009, as well as the Order entered June 17, 2009 denying Harris County's motion for Judgment as a Matter of Law and Motion to Set Aside the Jury Verdict and/or Motion to Modify the Damage Award." The county paid the customary fee of $455 for the notice of appeal. On August 27, 2009, the district court entered an order "that Defendant's Motion for Judgment as a Matter of Law . . . is DENIED." On September 25, 2009, the county filed its "Amended Notice of Appeal," in which it restated the above-quoted language from its initial notice of appeal and added the following:

> Harris County amends its Notice of Appeal of July 17, 2009 to note that it also appeals . . . the . . . denial of its Motion for Judgment as a Matter of Law or, Alternately, to Modify the Judgment.

2

No. 09-20479
No. 10-20063

The district court denied this motion on August 27, 2009.

The clerk of the district court, on advice from the clerk of the Fifth Circuit, required the county to pay a second fee of $455 for filing the amended notice of appeal. The county paid to avoid dismissal of the appeal.

Rule 4(a)(4)(B)(iii) of the Federal Rules of Appellate Procedure states that "[n]o additional fee is required to file an amended notice" of appeal. That unequivocal language must be read in the context of the remainder of rule 4(a)(4):

(4) Effect of a Motion on a Notice of Appeal.

(A) If a party timely files in the district court any of the following motions . . ., the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59;

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) . . .

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal––in compliance with Rule 3(c)––within the time prescribed

3

No. 09-20479
No. 10-20063

by this Rule measured from the entry of the order dis-
posing of the last such remaining motion.

(iii) No additional fee is required to file an amended
notice.

The question is whether the prohibition of an additional fee applies only to the six types of motions listed in rule 4(a)(4)(A). If the exemption from fee is so limited, the further question in this case is whether the amended notice of appeal, referring to the denial of the "Motion for Judgment as a Matter of Law or, Alternatively, to Modify the Judgment," should be read as fitting within the designation of rule 4(a)(4)(A)(iv), a motion "to alter or amend the judgment under Rule 59."

This court has considered the issue at hand only once. In *United States v. $16,540.00 in U.S. Currency*, No. 01-10238, 273 F.3d 1094 (table), 2001 U.S. App. LEXIS 22650 (5th Cir. Aug. 30. 2001) (per curiam) (unpublished), the *pro se* appellant was assessed a filing fee for his amended notice of appeal, which appealed the denial of his post-judgment motions for new trial and relief from judgment. Without distinguishing among the various types of post-judgment motions, we held that

> [t]he assessment of two fees was error. Rule 4(a)(4)(B)(ii) . . . re-
> quires a party intending to appeal a denial of a post-judgment mo-
> tion to file a notice of appeal or an amended notice of appeal, but
> [rule] 4(a)(4)(B)(iii) provides that "[n]o additional fee is required to
> file an amended notice." [The appellant] has only one appeal, and
> should have been assessed only one filing fee."

*Id.* at *2.

We could decide this matter by construing the county's motion to "modify" the judgment as tantamount to a motion "to alter or amend the judgment under Rule 59," thus avoiding the question whether the dispensation for additional fees

4

No. 09-20479
No. 10-20063

applies only to appeals filed after rulings on the sorts of motions listed in rule 4(a)(4)(A) or––more broadly––to all amended notices of appeal. That basis for decision is untidy, however, because it leaves to clerk's office personnel the task of divining whether the wording of a particular amended notice of appeal fits one of the six categories of motions listed in rule 4(a)(4)(A). More significantly, although the placement of the prohibition within rule 4(a)(4) is curious, the absolute and plain language of the subsection––"[n]o additional fee is required to file an amended notice" of appeal––is both compelling and difficult to avoid.

We conclude, therefore, that no fee can be required for any amended notice of appeal, irrespective of whether it pertains to a post-judgment motion. "[T]he district court is instructed to refund any portion of that fee which has already been paid." *$16,540.00 in U.S. Currency*, 2001 U.S. App. LEXIS 22650, at *2. The judgment on the merits is AFFIRMED. The motion for return of the filing fee is GRANTED. This matter is REMANDED for refund of the filing fee for the amended notice of appeal and for any further proceedings that may be appropriate.