In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3576

SHUFFLE TECH INTERNATIONAL, LLC,

*Plaintiff-Appellant,*

*v.*

WOLFF GAMING, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 7358 — **Elaine E. Bucklo**, *Judge.*

ARGUED APRIL 22, 2014 — DECIDED JULY 9, 2014

Before POSNER, WILLIAMS, and TINDER, *Circuit Judges.*

POSNER, *Circuit Judge.* Rule 60(a) of the Federal Rules of Civil Procedure authorizes a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." (The rule goes on to provide that the court may not do this without the permission of the appellate court if an appeal from the

judgment, order, etc., sought to be corrected has been docketed, but that provision is not applicable to this case.) Rule 60(b) authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons including "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief," but only "on motion" of a party. The appellant, Shuffle Tech, argues that the correction made by the district judge in this case of an error in her judgment exceeded her authority under either subsection of the rule.

Shuffle Tech makes "consumer grade" automatic card-shuffling equipment. The appellee, Wolff Gaming, distributes "casino grade" gaming equipment. In 2010 the parties signed a letter of intent expressing their "mutual commitment to proceed with the draft Development & Distribution Agreement." The draft agreement described a deal in which Shuffle Tech, with financial assistance from Wolff, would develop casino-grade shuffling equipment, while Wolff would become the exclusive distributor of the equipment in the Western Hemisphere.

The deal was a flop. In the following year, before the development of the new shuffling equipment was completed, Shuffle Tech wrote Wolff proposing that the parties "settle all outstanding business … and go [their] separate ways." A couple of months later Shuffle Tech brought this diversity suit (governed by Illinois law), seeking a declaratory judgment that the draft agreement was not an enforceable contract but the letter of intent was and Wolff had broken it. Wolff counterclaimed, charging breach of contract, fraud, unjust enrichment, and other wrongdoing. The district judge granted summary judgment in favor of

Shuffle Tech with respect both to its claim for declaratory relief and to Wolff's counterclaims, but granted summary judgment in favor of Wolff with respect to Shuffle Tech's claim for breach of contract. So when the dust settled, the judge had, in effect, by granting only the declaratory relief sought by Shuffle Tech and rejecting the parties' other claims, simply rescinded the draft agreement. The question presented by the appeal is whether the rescission obligated Shuffle Tech to return the earnest money that it had received from Wolff in connection with the draft agreement.

The parties' letter of intent had provided that "as evidence of Wolff Gaming's commitment to proceed, Wolff Gaming agrees immediately [to] pay $100,000 toward the total $525,000 initial commitment described in the draft Agreement. This earnest money is to be held by Shuffle Tech and may be used to proceed with the project; however, in the event that a final Agreement cannot be signed within 90 days, Wolff Gaming may request the return of the entire $100,000 paid as earnest money, and said earnest [money] will be refunded within 15 days of said request." Wolff paid the $100,000 in earnest money as agreed in the letter of intent, later paying an additional $24,940 in earnest money at Shuffle Tech's request.

Shuffle Tech's claim for declaratory relief asked "for entry of a judgment declaring that the … DRAFT 'Development and Distribution Agreement' does not constitute a binding contract" and that "Shuffle Tech's only obligation to Wolff is to refund $124,940 advanced to Shuffle Tech as earnest money pursuant to the … Letter of Intent." In other words, Shuffle Tech was acknowledging that if the agreement was rescinded it would have to return the earnest money to

Wolff. But the district judge's grant of declaratory relief failed to mention the earnest money. On the basis of the judge's grant of summary judgment, however, which as we said denied all relief except rescission, and of the earnest-money provision of the letter of intent, Wolff asked Shuffle Tech to return the $124,940, and when Shuffle Tech ignored the request Wolff filed a motion under Rule 60 (not specifying which subsection of the rule the motion was being filed under) that the court order Shuffle Tech to refund the earnest money. In response, the district judge entered a postjudgment order that "amended [the final judgment] to specify that Shuffle Tech must pay [Wolff Gaming] $124,940 within fifteen days." The order did not mention Rule 60 or any other ground for the amendment. Shuffle Tech appeals from the final judgment as thus amended, denying any obligation to return the earnest money.

Rule 60(a) as we said allows a district judge to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment," and to do so "on motion or on [his or her] own, with or without notice" to the parties. When the ground for changing the judgment is not a trivial error but fraud, newly discovered evidence, excusable neglect, or some like ground that is likely to raise issues that may benefit from an adversary presentation, Rule 60(b) comes into play and requires that the ground be asserted by motion of a party (which also was done in this case—in fact Wolff filed two such motions, although only one mentioned Rule 60).

Thus "if the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; [but] if the judgment captures the original

meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *United States v. Griffin*, 782 F.2d 1393, 1396–97 (7th Cir. 1986); see *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193–94 (5th Cir. 2011); 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2854, p. 302 (3d ed. 2012). Rule 60(b) is the usual other source, but as we said it authorizes the district court only to "relieve a party or its legal representative from a final judgment, order, or proceeding," and that is not the nature of the relief sought by Wolff. Wolff wanted affirmative relief—an order that Shuffle Tech refund the earnest money. That is not available under Rule 60(b). See *United States v. $119,980.00*, 680 F.2d 106, 107 (11th Cir. 1982); *Delay v. Gordon*, 475 F.3d 1039, 1044–45 (9th Cir. 2007). But it can be available under Rule 60(a) because that rule authorizes corrections necessary to restore the original meaning of the judgment, and such corrections may require affirmative relief—as in this case, as we'll see.

The importance of limitations on the reach of Rule 60 lies in the fact that a correction authorized by Rule 60(a) may be made at any time—even years after the original judgment— and while Rule 60(b) has deadlines, see Rule 60(c)(1), they are generous. The possibility that a correction might be sought long after a final judgment is rendered creates a risk that, if made, the correction will frustrate a reliance interest generated by a reasonable reading of that original judgment. *United States v. Griffin*, *supra*, 782 F.2d at 1397–98; Wright et al., *supra*, § 2851, p. 286 ("the rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done"); *id.* § 2857, p. 322 ("discretion ordinarily should incline toward granting rather than denying relief, especially if no

intervening rights have attached in reliance upon the judgment and no actual injustice will ensue"). There was no danger that the correction sought by Wolff would undermine a reliance interest of Shuffle Tech. Shuffle Tech could not *reasonably* have relied on an interpretation of the final judgment that would have relieved it of any duty to refund the earnest money even though the draft agreement was being rescinded. For when a contract is rescinded, the parties are to be placed in the position they would occupy had there never been a contract. *Horan v. Blowitz*, 148 N.E.2d 445, 449 (Ill. 1958); *Puskar v. Hughes*, 533 N.E.2d 962, 966–67 (Ill. App. 1989); *Goldberg v. 401 North Wabash Venture LLC*, 2014 WL 2579939, at \*5–6 (7th Cir. June 10, 2014); *Fleming v. United States Postal Service AMF O'Hare*, 27 F.3d 259, 262 (7th Cir. 1994). (Both *Goldberg*, at \*5, and *Fleming*, at 262, make clear that this is both the federal rule and the Illinois rule.) Furthermore, the shorter the interval between the final judgment and the correction of it, the less likelihood there is of upsetting a reliance interest—and in this case the order amending the final judgment followed the entry of the judgment by only 29 days.

Shuffle Tech insists that when it said in asking for declaratory relief that its "only obligation to Wolff [was] to refund $124,940 advanced to Shuffle Tech as earnest money pursuant to the … Letter of Intent," it was referring only to the obligation created by the letter of intent, and that the obligation had lapsed when, in response to its offer to return the earnest money in exchange for dissolution of the draft agreement, Wolff did not ask for the money. Therefore, it continues, to obtain the return of the earnest money Wolff had to sue for it, as it did in its counterclaim accusing Shuffle

Tech of unjust enrichment—and the district judge dismissed that claim along with Wolff's other counterclaims.

But Shuffle Tech overlooks the fact that Wolff was resisting Shuffle Tech's effort by means of its claim for declaratory relief to dissolve the draft agreement. Wolff's position was that it was an enforceable contract. If so, Shuffle Tech's retaining the earnest money while refusing to perform the contract was indeed unjust enrichment. When the judge ruled that the contract was unenforceable, the claim of unjust enrichment fell away. That left a dissolved contract— and therefore no ground for Shuffle Tech's retention of the earnest money even though it would not have been unjustly enriched by retaining it had the contract been enforceable. Shuffle Tech denied that the agreement remained in force; its claim for declaratory relief successfully sought a judgment declaring the contract unenforceable. With that judgment rendered and the contract thus rescinded, all that remained to be done was for Shuffle Tech to return the earnest money.

So the judge's correction of her judgment just made explicit what the parties must have assumed—that with the draft agreement rescinded the earnest money had to be returned. The judge's failure to mention Rule 60(a) when she made the correction was inconsequential. But she did rather muddy the waters when she said that Shuffle Tech's "obligation to repay the earnest money arises not out of any claim by [Wolff], but out of [Shuffle Tech's] own claim for declaratory relief. If all [Shuffle Tech] wanted out of this action was a declaration that it was not bound by the Draft Agreement, it could have limited its declaratory claim to that issue and remained silent about any obligations it believed it had under the Letter of Intent. It did not. Instead, [it]

invoked the court's authority to declare specifically that it was obligated to return the earnest money." This makes it seem as if Shuffle Tech *wanted* to refund the earnest money; obviously it did not. It merely recognized that it could not obtain rescission of the contract, as sought in its claim for declaratory relief, without acknowledging an obligation to return the earnest money, for otherwise rescission would not place the parties in the position they would be occupying had there never been a contract. Shuffle Tech's attempt to back out of that concession, merely because the district judge had initially failed to mention it, was a tactic rightly blocked by Rule 60(a).

AFFIRMED.