In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 14-3393 & 14-3394

DUAL-TEMP OF ILLINOIS, INC.,

*Plaintiff-Appellee,*

*v.*

HENCH CONTROL, INC., ET AL.,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 C 595 — **Sharon Johnson Coleman**, *Judge.*

ON MOTION FOR LEAVE TO CORRECT THE JUDGMENT

JANUARY 23, 2015

Before RIPPLE, MANION, and WILLIAMS, *Circuit Judges.*

PER CURIAM. Dual-Temp of Illinois, Inc. sued the defendants for breach of contract. After a bench trial, the district court entered judgment in Dual-Temp's favor and, in its memorandum opinion and order, held the defendants liable for "$113,500 plus interest accruing and attorneys' fees."

When entering the judgment on the docket, the district court checked the box indicating that no prejudgment interest would be awarded.

Twenty-eight days later, Dual-Temp filed a motion in the district court to "quantify interest based on the memorandum opinion and order." The defendants filed these consolidated appeals the next day, and since the district court had not quantified prejudgment interest, this court ordered the parties to file memoranda explaining why the appeals should not be dismissed for lack of appellate jurisdiction. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175–76 (1989); *Dynegy Marketing & Trade v. Multiut Corp.*, 648 F.3d 506, 513 (7th Cir. 2011). While the parties were briefing that question, the district court addressed the motion to quantify, which the court construed as a motion to correct the judgment under Federal Rule of Civil Procedure 60(a). Explaining that it had intended to award prejudgment interest but had checked the wrong box on the judgment, the district court directed Dual-Temp to move this court for leave to correct the clerical mistake. Dual-Temp thus filed a motion for leave to correct the judgment and later, after the defendants did not respond, moved for a ruling granting the motion. The defendants have now responded that, because the district court has clarified that it intended to award prejudgment interest, these appeals are premature.

We have reviewed the parties' jurisdictional memoranda and the motions papers, and we conclude that there is no final judgment for the defendants to appeal. The award of prejudgment interest makes up part of a plaintiff's damages. *See Osterneck*, 489 U.S. at 175–76; *Dynegy*, 648 F.3d at 513; *Kaszuk v. Bakery & Confectionary Union & Indus. Int'l Pension*

*Fund*, 791 F.2d 548, 553 (7th Cir. 1986); Charles Alan Wright & Arthur R. Miller, 16A FED. PRAC. & PROC. JURIS. § 3949.1 (4th ed.). And the district court must quantify damages before a judgment can be final. *See Osterneck*, 489 U.S. at 175–76; *Dynegy*, 648 F.3d at 513; *Kaszuk*, 791 F.2d at 553; *Holland v. Bibeau Constr. Co.*, — F.3d —, 2014 WL 7088168, at *4–5 (D.C. Cir. Dec. 16, 2014); *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1137 (10th Cir. 2010); *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006); *Marshak v. Treadwell*, 240 F.3d 184, 190 (3d Cir. 2001). Even if the clerical mistake in the judgment were corrected so that the proper box is checked, the judgment still would not quantify prejudgment interest. Nor can we consider the judgment final on the ground that quantifying the prejudgment award is "mechanical and uncontroversial," *see Parks v. Pavkovic*, 753 F.2d 1397, 1401–02 (7th Cir. 1985); *Holland*, 2014 WL 7088168, at *4, for the district court did not address how it would quantify the award, and the defendants have not agreed that the amount proposed by Dual-Temp is appropriate.

Accordingly, these appeals are DISMISSED for lack of appellate jurisdiction, and the motions seeking leave to correct the judgment are DENIED as moot.