In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-2080

NORMA L. COOKE,

*Plaintiff-Appellee,*

*v.*

JACKSON NATIONAL LIFE INSURANCE COMPANY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 817 — **Rubén Castillo**, *Chief Judge.*

ARGUED JANUARY 11, 2018 — DECIDED FEBRUARY 9, 2018

Before EASTERBROOK and BARRETT, *Circuit Judges*, and
STADTMUELLER, *District Judge.*[*]

EASTERBROOK, *Circuit Judge.* In this suit under the diversity jurisdiction, the district court entered summary judgment for Norma Cooke. The judge ordered two kinds of relief: first, that Jackson National Life Insurance Co. pay Cooke the

---

[*] Of the Eastern District of Wisconsin, sitting by designation.

death benefit on her husband Charles's policy; second, that Jackson reimburse Cooke's legal expenses. The first kind of relief rested on a conclusion that Charles died before the end of a grace period allowed for late payments of premiums. The second rested on a conclusion that Jackson should have expedited the litigation by attaching documents to its answer to the complaint and by making some arguments sooner. See 243 F. Supp. 3d 987 (N.D. Ill. 2017). The district court then entered this order, which the parties have treated as the final judgment:

> Enter Memorandum Opinion and Order. Plaintiff's motion for summary judgment [47] is granted and Defendant's motion for summary judgment [42] is denied. The Court awards attorney fees to Plaintiff for cost of preparing and responding to these motions. This case is hereby dismissed with prejudice.

This document set the stage for the problems we must now resolve.

This document is self-contradictory, declaring that Cooke is entitled to two forms of relief while also declaring that the case is "dismissed with prejudice", which means that the plaintiff loses. Suppose we disregard the last sentence—and the first, which is surplusage. There remains the rule that a judgment must provide the relief to which the prevailing party is entitled. See, e.g., *Foremost Sales Promotions, Inc. v. Director, Bureau of Alcohol, Tobacco & Firearms*, 812 F.2d 1044 (7th Cir. 1987); *Waypoint Aviation Services Inc. v. Sandel Avionics, Inc.*, 469 F.3d 1071, 1073 (7th Cir. 2006); *Rush University Medical Center v. Leavitt*, 535 F.3d 735, 737 (7th Cir. 2008). This document does not provide relief. It states that one motion has been granted, another denied, and an award made, but it does not say who is entitled to what.

We have held many times that judgments must provide relief and must not stop with reciting that motions were granted or denied—indeed that it is inappropriate for a judgment to refer to motions at all. See, e.g., *Otis v. Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) (en banc) ("[The judgment] should be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion."). See also Fed. R. Civ. P. 54(a) ("A judgment should not include recitals of pleadings … or a record of prior proceedings."). This document transgresses almost every rule applicable to judgments.

The same day it entered the order we quoted above, the court entered a second order on a standard form used for judgments. This one provides:

> Judgment is entered in favor of plaintiff, Norma L. Cooke and against the defendant, Jackson National Life Insurance Company, which includes an award of reasonable attorney fees in accordance with the Court's Memorandum Opinion and Order.

This second document avoids the internal contradiction but still lacks vital details. Unlike the first document, which is signed by the district judge, this one bears only the names of the district court's Clerk of Court and one Deputy Clerk—though Fed. R. Civ. P. 58(b)(2)(B) provides that every judgment other than a simple one on a jury verdict (or one fully in defendants' favor) must be reviewed and approved by the judge personally.

Recognizing that she did not have an enforceable judgment, Cooke filed a motion under Fed. R. Civ. P. 59(e) asking the court to specify how much money Jackson must pay. The court did so—but only in part. It entered an order providing

that Jackson must pay \$191,362.06 on the insurance policy, plus 10% per annum simple interest running from September 10, 2013. The amount of attorneys' fees was left dangling. Cooke also filed a formal petition asking the court to specify the amount of fees. The district court left the subject open for nine months—until after this case had been orally argued in this court. On January 25, 2018, the district court denied the motion with leave to renew it after we decide the appeal.

Within 30 days of the district court's order on Cooke's Rule 59 motion, Jackson filed a notice of appeal. It has thrown in the towel on the merits and paid the \$191,362 plus interest but contends that Cooke is not entitled to attorneys' fees. Yet how can it appeal from an award of attorneys' fees that has yet to be quantified? A declaration of liability lacking an amount due is not final and cannot be appealed. See *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737 (1976). This rule applies to awards of attorneys' fees as fully as it does to decisions about substantive relief. See, e.g., *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Wisconsin*, 829 F.2d 601 (7th Cir. 1987); *McCarter v. Retirement Plan for District Managers*, 540 F.3d 649, 652–54 (7th Cir. 2008); *General Insurance Co. v. Clark Mall Corp.*, 644 F.3d 375, 380 (7th Cir. 2011). To allow an appeal before quantification would set the stage for multiple appeals from a single award: one appeal contesting the declaration of liability and another contesting the amount. The final-decision rule of 28 U.S.C. §1291 is designed to prevent multiple appeals on different issues in a single case.

We directed the parties to file supplemental memoranda on appellate jurisdiction. Cooke's memorandum states the obvious: the absence of a dollar figure makes the award of

attorneys' fees non-final. Jackson's memorandum, by contrast, tells us that decisions on the merits and awards of attorneys' fees are separately appealable. That's true enough, see *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988), but irrelevant to the question whether an award of attorneys' fees may be appealed before the judge has decided how much is due. If Jackson were contesting the award on the policy, we would have appellate jurisdiction to consider that issue, but this does not make the district court's bare statement about attorneys' fees appealable. As *Budinich* held, a decision on the merits and an award of legal expenses are independent for the purpose of appellate jurisdiction.

Cooke wants more than an order dismissing Jackson's appeal. She has filed a motion under Fed. R. App. P. 38 seeking attorneys' fees that she has incurred in responding to what she now calls a frivolous appeal.

We deny this motion, because any costs that Cooke has incurred are largely self-inflicted. Cooke could have filed a motion months ago (before briefing) asking us to dismiss Jackson's premature appeal, but she did not do so. Indeed, the jurisdictional section of Cooke's brief on the merits does not point out that an unquantified award isn't final. Not until this court raised the issue at oral argument did Cooke address the significance of the district judge's failure to say how much Jackson owes. If it were permissible for a court to order *both* sides to pay a penalty—say, into the law clerks' holiday-party fund—we would be inclined to do so. But there's no such appellate power and no good reason for us to order Jackson to pay something to Cooke as a result of a problem that both sides missed.

Jackson's appeal is dismissed for want of jurisdiction. Any successive appeal from an order quantifying the award will be heard by this panel and decided without a new oral argument. (The merits were covered during the argument already held.) Unless either side wants to contest the amount of the award, it should be possible to submit a successive appeal for decision on the existing briefs. The parties should inform us promptly after any new appeal is taken whether they want to supplement the briefs already on file.