**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1611**

CALVIN TYRONE NORTON,

        Plaintiff - Appellant,

      v.

BRIAN NICHOLAS HIGH, in his personal capacity and his official capacity as a
Deputy Sheriff of Columbus County, North Carolina; LEWIS L. HATCHER, in his
personal capacity and his official capacity as Sheriff of Columbus County North
Carolina; WESTERN SURETY CO., d/b/a CNA Surety Insurance as the Surety for
the Columbus County Sheriff; TRACEY WARD, also named "John Doe" in his
personal capacity and his official capacity as Lieutenant of Columbus County
Detention Center of the Sheriff; RENE TREVINO, in his personal capacity and his
official capacity as Deputy Sheriff of Columbus County, North Carolina,

        Defendants - Appellees,

     and

MAGISTRATE GREGORY L. GREENE; CLEMENTINE THOMPSON, Captain,

        Respondents.

Appeal from the United States District Court for the Eastern District of North Carolina, at
Wilmington. Louise W. Flanagan, District Judge. (7:18-cv-00045-FL)

Submitted: January 31, 2020               Decided: February 13, 2020

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————————

Calvin Tyrone Norton, Appellant Pro Se.  Bradley O. Wood, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Tyrone Norton appeals the district court's order granting summary judgment in favor of Appellees in Norton's 42 U.S.C. § 1983 (2012) action and imposing sanctions on him under Fed. R. Civ. P. 30(g). We dismiss in part and affirm in part.

Initially, we are obliged to inquire sua sponte into our own jurisdiction, even where the parties do not dispute it. *Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016). Insofar as Norton seeks to appeal the district court's determination that he should be sanctioned under Rule 30(g), we lack jurisdiction to review the district court's ruling, as the court had not yet determined the amount of the sanction when Norton noted his appeal. *See, e.g.*, *MetLife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018) (holding that award of attorney's fees is not final where amount of fee has not been quantified); *Cooke v. Jackson Nat'l Life Ins. Co.*, 882 F.3d 630, 632 (7th Cir. 2018) (same); *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1358-64 (Fed. Cir. 2012) (holding that decision to impose sanctions generally is not appealable until court determines and imposes sanction, and collecting cases); *Armisted v. State Farm Mut. Auto Ins. Co.*, 675 F.3d 989, 993 (6th Cir. 2012) (same). Although the district court has since determined the amount of that sanction, Norton has not separately noted an appeal from that order, and the doctrine of cumulative finality cannot cure the jurisdictional defect. *See Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 479 (4th Cir. 2015) ("The doctrine [of cumulative finality] applies . . . only when the appellant appeals from an order that the district court could have certified for immediate appeal under [Fed. R. Civ. P.] 54(b)."); *In re Bryson*, 406 F.3d 284, 288 (4th Cir. 2005) (noting that "a premature notice of appeal from a clearly interlocutory

3

decision" cannot "serve as a notice of appeal from the final judgment" (internal quotation marks omitted)). We therefore dismiss this portion of the appeal. This jurisdictional defect, however, does not affect our jurisdiction to consider the underlying judgment. *See Ray Haluch Gravel Co. v. Cent. Pension Fund*, 571 U.S. 177, 179 (2014).

Turning to Norton's challenges to the district court's summary judgment rulings, we have reviewed the record and find no reversible error. Accordingly, we affirm this portion of the appeal for the reasons stated by the district court. *Norton v. High*, No. 7:18-cv-00045-FL (E.D.N.C. May 9, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4