# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2022

Lyle W. Cayce
Clerk

No. 21-60361
Summary Calendar

General Akecheta Morningstar,

*Plaintiff—Appellant*,

*versus*

Kroger Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-424

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Akecheta Morningstar, also known as Akecheta A. Morningstar, General Akecheta Morningstar, and General Akecheta A. Morningstar, Ph.D., moves for a refund of his appellate filing fee so that he can proceed in forma pauperis (IFP) in this appeal. The district court granted Kroger's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60361

motion for summary judgment and dismissed Morningstar's claims of racial discrimination and violations of the Americans with Disabilities Act (ADA).

After Morningstar filed his notice of appeal, the district court certified that the appeal was not in good faith under Federal Rule of Appellate Procedure 24(a)(3)(A). Meanwhile, Morningstar filed an appeal brief in this court before briefing was suspended by the district court's IFP ruling. Morningstar moved this court for leave to appeal IFP. But he later withdrew the motion and paid the fee in hopes of speeding up the appeal. He now seeks a refund of the fee and asserts that he is a pauper.

Morningstar's financial affidavit, and especially his payment of the filing fee, indicate that he can afford to pay the fee without losing the ability "to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Moreover, his fee was not incorrectly calculated or assessed by mistake. *Cf. Owen v. Harris Cty., Tex.*, 617 F.3d 361, 362-63 (5th Cir. 2010) (ordering the refund of an erroneously assessed fee). There is no factual or legal basis for refunding the fee in this case. Accordingly, the motions for a refund and to proceed IFP are DENIED.

Even though the fee has been paid, this court may dismiss the appeal "pursuant to 5TH CIR. R. 42.2 when it is apparent that an appeal would be meritless." *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997). Morningstar did not brief his claim brought under the ADA and has thereby waived an appeal of the dismissal of that claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). His discrimination arguments are vague and conclusional, if not irrelevant. He asserts that he was fired for working too hard, and he interprets a religious poem as a racist death threat from a fellow employee. More significantly, Morningstar does not address the district court's application of the burden-shifting analysis of *McDonnell Douglas*

2

No. 21-60361

*Corp. v. Green*, 411 U.S. 792, 802-03 (1973). Pursuant to that analysis the court correctly determined that Morningstar had not alleged facts to show a hostile work environment or an adverse employment decision, such as a constructive discharge. Because Morningstar fails to identify any error in the district court's analysis, it is as if he had not appealed that issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In addition, Morningstar's conclusional allegations are insufficient to overcome summary judgment, even when the factual allegations are viewed in the light most favorable to him. *See Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 278-79 (5th Cir. 2001). Because Morningstar presents no nonfrivolous issue for appeal, the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.