In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 25-1305 & 25-1341

GRUNT STYLE LLC, an Illinois limited liability company,

*Plaintiff-Appellee,*

*v.*

TWD, LLC, a California limited liability company,

*Defendant-Appellant.*

_____

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-cv-07695 — **LaShonda A. Hunt**, *Judge.*

_____

SUBMITTED APRIL 9, 2025 — DECIDED JUNE 12, 2025

_____

Before HAMILTON, KIRSCH, and LEE, *Circuit Judges.*

PER CURIAM. We address in this opinion recurring issues
that arise in civil appeals when a district court's final judg-
ment is silent on the disposition of some claims in the case.
The district court's final judgment here was silent about the
disposition of the defendant's counterclaims. After that omis-
sion was identified, the parties and the district court proposed
four separate solutions. That number suggests some clarifica-
tion might be helpful to parties and district courts.

We agree with the district court's solution: we will remand the case for correction of what amounts to a clerical mistake in the judgment, and we will retain jurisdiction. No new notice of appeal will be needed as long as the district court only corrects the clerical mistake.

I.  *Procedural Background*

In 2018, TWD, LLC, filed a complaint against Grunt Style LLC alleging trademark infringement. Both parties sell goods with trademarks related to the military and appealing to patriotic feelings, including a mark, "This We'll Defend." Grunt Style answered with counterclaims asserting that TWD was infringing Grunt Style's prior trademark. The district court (Judge Kocoras) granted Grunt Style's motion for partial summary judgment in April 2022, concluding that all of TWD's claims failed as a matter of law. With only Grunt Style's counterclaims remaining, in March 2023, Judge Kocoras sensibly redesignated Grunt Style as the plaintiff, and that is how the case has been framed ever since.

In June 2023, the case was then assigned to Judge Hunt, who held a bench trial in 2024. The district court entered judgment ordering TWD to pay Grunt Style $739,500 without interest. Grunt Style promptly moved to amend the judgment to include interest and permanent injunctive relief. On January 28, 2025, the district court granted that motion and set out the injunction in a separate document consistent with our case law. See *MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922, 922 (7th Cir. 2019). The same day the district court entered a separate amended judgment including the added interest. See Fed. R. Civ. P. 58. Within thirty days, TWD filed a notice of appeal from the amended judgment "and all

orders now appealable, including but not limited to" five specified orders. We docketed it as appeal No. 25-1305.

Shortly after an appeal is docketed, this court conducts a preliminary review of the record for potential jurisdictional problems. See *Barrow v. Falck*, 977 F.2d 1100, 1102–03 (7th Cir. 1992) (describing procedure). This review begins with the judgment, which Rule 58 requires to be set out in a separate document precisely because it "keeps jurisdictional lines clear." *Wisconsin Cent. Ltd. v. TiEnergy, LLC*, 894 F.3d 851, 854 (7th Cir. 2018). The entry of judgment in a separate document starts clocks on several critical appellate deadlines. See 28 U.S.C. § 2107(a); Fed. R. App. P. 4; Fed. R. Civ. P. 59.

Beyond just timing of an appeal, our appellate jurisdiction is ordinarily limited to final decisions, 28 U.S.C. § 1291, which typically means a district court has resolved all claims against all parties—including any counterclaims. See, e.g., *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 856 (7th Cir. 2017). The judgment should be a self-contained document stating who won what relief and allowing anyone to see that all claims have been resolved and how. See *Reytblatt v. Denton*, 812 F.2d 1042, 1043–44 (7th Cir. 1987). If a judgment falls short of this standard, lawyers should alert the district court so it may make corrections. See *Philadelphia Indemnity Ins. Co. v. Chicago Trust Co.*, 930 F.3d 910, 912 (7th Cir. 2019).

Potential pitfalls of jurisdiction can be identified from the judgment. For example, a judgment "in favor of" a plaintiff without specifying a remedy suggests the case is not over. E.g., *Cooke v. Jackson Nat'l Life Ins. Co.*, 882 F.3d 630, 631–32 (7th Cir. 2018). For another example, a judgment dismissing Counts I, II, and IV leaves us to wonder whether Count III is still out there. E.g., *Thornton v. M7 Aerospace LP*, 796 F.3d 757,

763–64 (7th Cir. 2015). More to the point here, a judgment entered on one side's claims looks incomplete if there was a counterclaim. E.g., *Sterling Nat'l Bank v. Block*, 984 F.3d 1210, 1216–17 (7th Cir. 2021).

The amended judgment here provides that judgment was entered "in favor of plaintiff Grunt Style LLC and against defendant TWD, LLC in the amount of $739,500.00, plus $229,235.38 in pre-judgment interest; post-judgment interest, which shall accrue at a rate of $115.45 per day; and permanent injunctive relief, as set forth in the separate Order of Permanent Injunction." The judgment does not reflect that TWD, as the original plaintiff, would take nothing from its original complaint. It was therefore not clear from the judgment alone that TWD's claims had been resolved. We directed the parties to file memoranda addressing whether the judgment was deficient and whether we should either dismiss for lack of jurisdiction or remand for correction of the judgment.

Critically, a deficiency in a Rule 58 judgment is only *evidence* of a possible jurisdictional problem. It does not necessarily show conclusively that there *is* a jurisdictional problem. See *American Int'l Specialty Lines Ins. Co. v. Electronic Data Sys. Corp.*, 347 F.3d 665, 669 (7th Cir. 2003). For purposes of ensuring that we have a final decision under § 1291, "[t]he test is not the adequacy of the judgment but whether the district court has finished with the case." *Chase Manhattan Mortg. Corp. v. Moore*, 446 F.3d 725, 726 (7th Cir. 2006). Even the absence of a Rule 58 judgment does not preclude appeal if the district court has in fact reached a final decision, but that situation is far from ideal and creates avoidable uncertainty and expense. See Fed. R. App. P. 4(a)(7)(B); *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384 (1978); *Calumet River Fleeting, Inc. v.*

*Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO*, 824 F.3d 645, 650 (7th Cir. 2016). The parties are entitled to waive a deficiency in the judgment, though not the absence of a final decision within our appellate jurisdiction. But to avoid confusion, this court directs parties to address a deficiency early, before they brief an appeal that could end up being dismissed because of a jurisdictional defect.

TWD's attempt to waive the defect in this judgment has created its own set of problems. Rather than filing a memorandum, TWD filed an amended notice of appeal saying that it intended to appeal regardless of any deficiency consistent with Rule 4(a)(7)(B). The amended notice also added more orders to the list of those being appealed. The amended notice was docketed as a new appeal, No. 25-1341, and a fee was assessed, though TWD suggests that it did not intend to open a new docket and that it should owe no additional fee. See Fed. R. App. P. 4(a)(4)(B)(iii).

In addition to identifying jurisdictional problems, we try to keep our docket free of duplicative appeals. Each party needs only one appeal to seek relief from any given judgment or order. See *Harris v. Bellin Mem'l Hosp.*, 13 F.3d 1082, 1083 (7th Cir. 1994). Redundant appeals can breed confusion. Documents can wind up filed in the wrong case, or one can get the mistaken impression that there are separate appellants or appealable decisions. Unless there is some risk a party would be prejudiced, we invite litigants to dismiss extra appeals, and we will dismiss them ourselves at the outset if they are unnecessary.

We thus asked the parties in an order dated March 3, 2025, whether this second appeal was necessary. TWD had been invited to make its position known in a memorandum, not a

new notice of appeal, and the 2021 amendments to the Federal Rules of Appellate Procedure abolished any need to enumerate orders preceding the judgment designated in a notice of appeal. Fed. R. App. P. 3(c).

After this order, TWD changed tack and asked the district court to correct its judgment. Grunt Style opposed; it thought the judgment accurately reflected that judgment had been entered in its favor—on both its own claims and on TWD's. The district court agreed with TWD and granted the motion to correct the judgment. Before correcting the judgment on the docket, however, it determined that it lacked the authority to do so while these two appeals were pending. The district court therefore entered an indicative ruling to signal its intent to correct the judgment if we remanded. Fed. R. Civ. P. 62.1.

TWD then filed a memorandum. It argued that the district court did not need this court's permission to correct the judgment. TWD also acknowledged that its second notice of appeal was unnecessary, but TWD explained that it had wanted to avoid any risk of waiving its rights. Grunt Style, for its part, stands on the amended judgment, though it agrees the second appeal is duplicative.

II.  *Analysis*

At this stage we have been offered four proposed responses to the apparent omission of counterclaims in the judgment. Grunt Style insists there is no deficiency. TWD first said it wanted to waive the deficiency. Then it argued that the district court should correct the judgment without a remand. Finally, the district court said it cannot correct the judgment unless and until we remand for it to do so. We believe the district court's solution is the cleanest and most correct, so we

remand for correction of what is best deemed a clerical mistake in the judgment. See Fed. R. Civ. P. 60(a); Fed. R. App. P. 12.1(b). We will also dismiss TWD's amended notice of appeal (docketed as No. 25-1341) as unnecessary without collecting a fee for that appeal.

A. *Remand for Correction of the Judgment*

The amended judgment is deficient, though we can understand Grunt Style's position that it is accurate enough. Judgment seems to have been entered in Grunt Style's favor on all claims, not just its own. But the purpose of the separate Rule 58 judgment is to make appellate jurisdiction clear, not just discernible. See *Reytblatt*, 812 F.2d at 1043. Standing alone, the judgment in Grunt Style's favor awarding damages is consistent with several possibilities: (a) that TWD's claims remain pending, which would prevent finality; or (b) that TWD was awarded its own damages that were simply omitted by mistake; or (c) as in this case, that another district judge had dismissed those claims years earlier and they were omitted from this judgment as an oversight.

By reviewing the docket here, it is possible to confirm that option (c) is correct and that the district court was indeed finished with the case. But the need for that extra step is precisely the problem. The rules are designed to make the Rule 58 judgment crystal clear, without requiring anyone to study the district court's docket to figure out its intended meaning. That requires district courts to draft their judgments carefully, looking for earlier dismissals of parties and claims (especially where a case has been transferred among judges). See *Philadelphia Indemnity*, 930 F.3d at 912 (with limited exceptions, Rule 58(b) requires judge herself to inspect and approve judgments). Now that we know the underlying meaning, we could

still proceed in this case if the parties agreed. But TWD has withdrawn its request that we do so. Given that shift and the district court's effort to clear up the record, we decline now to let the case proceed as is.

Is a remand needed to correct the judgment? TWD argues that the district court should be free to correct the judgment without a remand, relying on Rule 4(a)(2) of the Federal Rules of Appellate Procedure. Titled "Filing Before Entry of Judgment," that rule provides: "A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." In addition to dealing with a simply delayed entry of judgment on a separate document, this rule also governs an appeal filed after a ruling that was reasonably but mistakenly believed to have been final. See *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 277 (1991); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 189–90 (7th Cir. 2011).

Here the notice of appeal was filed after the district court had entered a document it called a final judgment; the judgment it entered was just incomplete. We think that, for purposes of Rule 4, a deficient judgment is still a judgment—at least if there is little doubt about finality. A contrary rule would undermine the clarity the separate document is intended to provide. In a case like this one, it would mean the time to appeal did not start until 150 days after the court finished with the case—or here June 27, 2025. See Fed. R. App. P. 4(a)(7). TWD was right to appeal when it did. It could not wait another five months simply because the judgment did not tell it explicitly what it already knew—that its own claims had been resolved years ago. See *Thornton*, 796 F.3d at 763–64; *Dale v. Lappin*, 376 F.3d 652, 654 (7th Cir. 2004). A party in doubt

about whether a judgment is actually final can file an appropriate motion to suspend the time to appeal under Rule 4(a)(4) until the district court clarifies the matter. We are wary of instead inviting every party who makes a calendaring mistake to quibble with the judgment's precision in an attempt to make a late appeal seem early. Cf. *Selective Ins. Co. of South Carolina v. City of Paris*, 769 F.3d 501, 509 (7th Cir. 2014) (holding omission in judgment did not allow timely motion to reconsider three years later).

Contrary to TWD's theory, then, the district court could not act unilaterally to correct the judgment while these timely appeals were pending. While it is true that premature appeals do not limit the court's power to tie up loose ends and enter judgment, see *INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 502 (7th Cir. 2020), the general rule applies to these timely appeals: a proper appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The district court recognized correctly that the pending appeal required it instead to offer only an indicative ruling. Fed. R. Civ. P. 62.1(a)(3).

The deficiency here—silence as to TWD's counterclaims— is a clerical mistake that can be corrected under Federal Rule of Civil Procedure 60(a). Correction of a clerical mistake changes nothing of substance but is used to "restore the original meaning of the judgment." *Shuffle Tech Int'l, LLC v. Wolff Gaming, Inc.*, 757 F.3d 708, 711 (7th Cir. 2014). Both parties understand that TWD received no relief on its claims; the judgment just needs to reflect that fact. A clerical mistake may be corrected "at any time," but consistent with the *Griggs* principle, "after an appeal has been docketed in the appellate court

and while it is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a). One way we may provide that leave is with a remand—with or without the district court's indication—for the limited purpose of having the district court correct the judgment to implement fully its decisions. E.g., *Philadelphia Indemnity*, 930 F.3d at 912 (remanding without indicative ruling). Because the flaw with the judgment is only clerical and does not affect finality, we have jurisdiction over the appeal and retain that jurisdiction during the remand. See Fed. R. App. P. 12.1(b); *Mosley v. Atchison*, 689 F.3d 838, 843 (7th Cir. 2012).

B.  *Dismissal of Duplicative Appeal*

We will, however, retain jurisdiction over only one of TWD's appeals. Appeal No. 25-1341 is unnecessary. All the issues we have discussed were subjects of the first appeal. An amendment to identify additional orders predating the judgment is not necessary.

The Federal Rules of Appellate Procedure acknowledge the concept of amended notices of appeal but say little about how they operate. Commentators have noted a lack of case law providing further guidance. See 16A Wright & Miller, Federal Practice & Procedure § 3949.4 n.52 (5th ed.). Rule 4(a)(4) governs the effect of certain post-judgment motions on appellate deadlines. If a party appeals the judgment while one of these post-judgment motions is pending, Rule 4(a)(4)(B)(ii) provides that a party intending to challenge the later order disposing of that motion must file a notice of appeal or an amended notice of appeal. Otherwise, all the Rules say about an amended notice of appeal is that "No additional fee is required to file an amended notice." Fed. R. App. P. 4(a)(4)(B)(iii).

TWD insists that it never intended to open a new appellate docket, but the Rules do not otherwise distinguish between amended notices of appeal and ordinary notices. See *Nocula v. UGS Corp.*, 520 F.3d 719, 724 (7th Cir. 2008) (holding amended notice of appeal must be filed within time to appeal). The district court clerk transmits any notice of appeal—amended or otherwise—to our clerk, who dockets that appeal as a new case. Fed. R. App. P. 3(d)(1), 12(a).

In contrast to the post-judgment orders governed by Rule 4(a)(4), an amendment is only rarely needed to appeal additional pre-judgment orders. Since 2021, Rule 3(c)(4) has provided that a "notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal." Rule 3(c)(6) further clarifies: "An appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal." In other words, designating the final judgment in the notice of appeal will bring up all then-appealable orders unless the appellant clearly intends to limit its rights. (Even designating the judgment is not always necessary. Fed. R. App. P. 3(c)(5).) This case is not the rare exception to the general rule. TWD said expressly in its notice that its appeal included but was *not* limited to specified orders. Any other reviewable orders were thus brought along by operation of Rule 3(c).

We also agree with TWD that it should not be required to pay a fee for the duplicative appeal. Rule 4(a)(4)(B)(iii) is written in categorical terms that no fee is owed for an amended notice—not just those relating to the post-judgment motions

in Rule 4. See *Owen v. Harris County*, 617 F.3d 361, 363 (5th Cir. 2010). Independent judgments require independent appeals and fees. See *Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008). But a litigant does not owe multiple fees if there is a single judgment that could have been appealed with a single notice. That is true whether because a post-judgment motion suspends the finality of the judgment until the motion is denied under Rule 4(a)(4) or because, as here, the two notices encompass the same orders from the beginning.

Having dismissed its second appeal, we stop to explain why TWD should not need to file a third. The mere correction of a clerical mistake (which is all we are remanding to be done) is made nunc pro tunc—Latin meaning "now for then"—because it "changes the records to reflect what actually happened." *Mosley*, 689 F.3d at 842–43. (The nunc pro tunc maneuver should not be used, however, to rewrite history. See, e.g., *Monroe v. Bowman*, 122 F.4th 688, 690–91 (7th Cir. 2024) (district court could not convert earlier preliminary injunction into a permanent injunction "nunc pro tunc").) Such a proper use of a nunc pro tunc change has retroactive legal effect back to the entry of the judgment that was deemed deficient and allows a prior appeal to proceed from the corrected judgment without a subsequent or amended notice of appeal. See *Mosley*, 689 F.3d at 843–44; *Local 1545, United Mine Workers of Am. v. Inland Steel Coal Co.*, 876 F.2d 1288, 1291 n.4 (7th Cir. 1989); accord, e.g., *Philadelphia Indemnity*, 930 F.3d at 912.

Grunt Style's request to alter the judgment to include prejudgment interest, for example, did not address a clerical mistake. The district court had originally declined to award interest—a portion of Grunt Style's damages, see *Dual-Temp of*

*Illinois, Inc. v. Hench Central, Inc.*, 777 F.3d 429, 430 (7th Cir. 2015)—but then reconsidered. The amended judgment was a new judgment, triggering a new time to appeal. Litigants in doubt whether the court merely corrected a clerical mistake or did something more can file a second notice of appeal out of caution, and in the face of ambiguity we will consolidate the appeals. But we do not foresee that being necessary here.

### *Conclusion*

We DISMISS appeal No. 25-1341 as unnecessary. No fee shall be collected for that appeal. We REMAND appeal No. 25-1305 to the district court for the limited purpose of correcting its judgment to include the resolution of TWD's claims. We will retain jurisdiction over No. 25-1305. TWD shall file a status report within one week of this opinion informing us whether the district court has entered a corrected judgment.